Argued 4 March ; decided 16 March, 1903.

### SUTTON *v.* CLARKE.

[71 Pac. 794.]

SALES—DELIVERY—LIABILITY FOR VALUE.

1. Where plaintiff contracted to furnish defendant two lots of logs on certain dates, each lot to be paid for a certain time after delivery, and delivery of the first lot was rendered impossible until after the expiration of the time for delivery, but defendant thereafter accepted them and, by agreement, delivery of the second lot was abandoned, defendant was bound to pay for the logs delivered within a reasonable time, less damages because of delay ; and a refusal to pay anything fixes a right of action at once.

APPEAL—JUDGMENT ROLL—BILL OF EXCEPTIONS.

2. Evidence and other matter not part of the judgment roll cannot be considered on appeal in a law action unless incorporated in the bill of exceptions.

From Douglas : JAMES W. HAMILTON, Judge.

Action by B. B. Sutton against W. B. Clarke and J. L. Baker, doing business as Clarke & Baker.    From a judgment in favor of plaintiff, defendants appeal.

For appellants there was a brief over the names of *William R. Willis* and *Dexter Rice,* with an oral argument by *Mr. Rice.*

For respondent there was a brief and an oral argument by *Mr. Oliver Perry Coshow.*

MR. JUSTICE BEAN delivered the opinion.

This is the second appeal in this case.    It was reversed and remanded for a new trial because some of the material issues

were not passed upon by the referee and trial court: 40 Or. 508 (67 Pac. 742). A retrial was had without the intervention of a jury, by stipulation of the parties, upon the evidence taken at the first hearing, and from the judgment thereon the defendants again appeal.

Two questions are presented for decision: (1) Do the findings of fact cover the issue as to whether the amount claimed in the second cause of action was due at the time the complaint was filed? (2) Are the findings on the question of the damages alleged to have been sustained by the defendants supported by the testimony?

1. The second cause of action is for 99,112 feet of saw logs delivered by the plaintiff to the defendants on or about March 7, 1899, at the agreed price of $2.50 per thousand, which the complaint alleges were to be paid for in installments as fast as each 10,000 feet of logs should be sawed into lumber and sold by the defendants, and that a reasonable time had elapsed in which the logs could have been so sawed and sold, and therefore the entire price thereof is due and payable. The answer admits the delivery of the logs as alleged, but denies that they were to be paid for in installments, averring that they were sold on credit until the 1st of January, 1900. The court found that the logs were sold and delivered under a written contract, of date September 27, 1897, by the terms of which the plaintiff agreed to deliver to the defendants two lots of logs, one of 100,000 feet, on or before March 1, 1898, to be paid for on or before the 1st of the following January, at the rate of $2.50 per thousand, and the other of 80,000 feet, to be delivered by March 1, 1899, and paid for by January 1, 1900; that the usual and customary way of transporting logs from the place where they were to be cut to the mill of the defendant was by floating them down a small creek or stream; that between November 1, 1897, and March 7, 1898, the plaintiff cut and put on the bank of the stream above the mill 100,000 feet of logs, with which to fulfill the first part of his contract, but, as the stream did not rise high enough to float the logs, he was able to deliver but a few of them by March 1, 1898; that during the winter of 1898 and

1899, however, 99,112 feet thereof were delivered to and received by the defendants; that the contract for the delivery of the 80,000 feet was abandoned and rescinded by mutual agreement of the parties; that, a short time after the delivery and receipt of the 99,112 feet of logs, they escaped from defendants' boom and were in large part lost to them; that defendants thereupon refused to pay for the logs, or any part thereof, in the manner provided in the agreement, or at all. It thus appears from the findings of fact that the logs delivered in March, 1899, were not the lot to be paid for under the terms of the contract on or before January 1, 1900, but belonged to the first lot, and should have been delivered a year earlier. They were accepted by the defendants, however, who thereby became bound to pay for them within a reasonable time, less, perhaps, the amount of damages, if any, sustained in consequence of the failure to deliver within the time stated in the contract. Upon their refusal to pay, a right of action immediately accrued in favor of the plaintiff. It therefore appears from the findings, and they are sufficient to show, that at the time the action was commenced a right of action existed in favor of the plaintiff and against the defendants for the value of the 99,112 feet of logs delivered in March, 1899. .

2. The other question relates to the findings of fact upon the issue of damages set up in the answer of defendants, on account of plaintiff's failure to deliver the logs within the time agreed upon. There is no bill of exceptions, and, consequently, the questions suggested cannot be examined on appeal. It has been uniformly held that evidence and other matters *dehors* the judgment roll cannot be considered on appeal from a judgment in an action at law, unless made a part of the record by a bill of exceptions. See *Farrell* v. *Oregon Gold Co.* 31 Or. 463 (49 Pac. 876), where the question is considered and the authorities are collated.

The presumption is that the findings are in accordance with the evidence, and the judgment is affirmed.     · AFFIRMED.