BROWN v. HARRIS.

1. Harmless Error—Errors Cured by Verdict.
   Where the jury found for plaintiff in an action for goods sold, and in order to do so must have found either that the goods actually conformed to the contract of sale, or that defendant accepted them as conforming to the contract, error in rejecting evidence of defendant's damages claimed for defects in the quality of the goods is immaterial.

2. Sales—Payment of Price—Contract.
   Where a buyer accepts goods supplied on a contract he is bound to pay the contract price for them, and cannot limit the seller's recovery to their actual value.

3. Saving Questions for Review—Unresponsive Answer.
   A mere objection and exception to an unresponsive answer is ineffective to preserve a party's rights. He should move to strike it out and object and except if his motion is denied.

4. Witnesses—Cross-Examination—Restriction.
   It is not error to restrict cross-examination where no reason for continuing it is apparent and counsel discloses none.

5. Evidence—Objections—Striking Out Testimony—Harmless Error.
   Errors in rejecting and striking out testimony become harmless when the same witness is elsewhere permitted to testify to the same effect.

6. Evidence—Best and Secondary Evidence.
   In an action on a contract for the sale of goods it is not error to limit examination of witnesses with respect to a variance between the order for the goods and the invoice, both of which are in evidence.

7. Same—Presumptions—Receipt of Letter Mailed.
   A request to charge on the presumption arising from proof of the deposit of a properly addressed and stamped letter in the mail is properly refused, where it is open to the construction of placing upon the addressee the burden of proving that it was not properly mailed.

8. Principal and Agent — Notice to Agent — Conflict of Interests.
   Where, at the time an alleged notice that goods sued for

did not conform to the contract was given to plaintiff's agent, defendants knew that the agent was acting in antagonism to plaintiff, that he would disregard it, and not communicate it to plaintiff, such notice was not notice to plaintiff.

Error to Wayne; Frazer, J. Submitted February 7, 1905. (Docket No. 99.) Decided March 21, 1905.

Assumpsit by Louis Brown against Saul Harris, Benjamin Harris, Joseph A. Zechman, and George D. Clark, copartners as Harris Bros. & Co., for goods sold and delivered. There was judgment for plaintiff, and defendants bring error. Affirmed.

*Adolph Sloman* (*Edmund M. Sloman*, of counsel), for appellants.

*Bowen, Douglas, Whiting & Murfin*, for appellee.

CARPENTER, J. Plaintiff brought this suit in assumpsit to recover the contract price of certain cotton worsteds alleged to have been sold to defendants. These worsteds were delivered in pursuance of an executory contract. It was contended by the plaintiff that they did in fact conform to the description in the contract; that defendants received them, and never notified plaintiff of any claim that they did not conform to the contract. On the other hand, defendants insist that the goods did not conform to the contract description; that they refused to accept them, and promptly notified plaintiff of this fact. This issue was submitted to a jury, who rendered a verdict in plaintiff's favor. Defendants ask this court to reverse the judgment rendered on said verdict.

The jury must have found either that the goods actually conformed to the contract, or that defendants accepted them as conforming to the contract. If no error of law was committed in reaching that conclusion (a subject which will receive attention later in this opinion), defendants were not, as they insist, injured by the exclusion of testimony offered by them tending to prove the amount of

their damages. Had the excluded testimony been admitted, it could not have affected the result, since it bore upon an issue which the jury did not consider. The error in excluding such testimony, if error it was, was not prejudicial. See *Sterling* v. *City of Detroit*, 134 Mich. 22; *Scheel* v. *City of Detroit*, 130 Mich. 51.

Nor was it error, as contended by defendants, for the trial court to refuse to charge that plaintiff's recovery should be limited to the actual value of the goods delivered. Defendants, having accepted the goods, were bound to pay the contract price for them. See *Talbot Paving Co.* v. *Gorman*, 103 Mich. 403 (27 L. R. A. 96); *Williams* v. *Robb*, 104 Mich. 242. It is true, in *Wolverton* v. *McCabe*, 81 Mich. 265, we declined to reverse a judgment where the trial court had charged the jury that in a case like that before us the seller " would be entitled to recover what the goods were actually worth." That case was brought to this court by the purchaser, and it is an authority for the proposition that as to him the charge did not constitute reversible error. Indeed, it is clear from the reasoning of that opinion, and the cases upon which it is founded, that the charge was altogether too favorable to him; for in that case, as in this, the goods were worth less than the contract price. Whether the seller had a right to insist on the contract price—and that is a question determined in the later cases and in this case—was not involved, and was not considered in that case.

We are asked to reverse the judgment because plaintiff on cross-examination made an irresponsive answer to a question asked by defendants' counsel. It appears from an examination of the record that defendants' counsel, instead of asking the court to direct the witness to make his answer responsive, chose to assume that the court was responsible in the first instance because the answer was not responsive. The exception under consideration is based upon that assumption. It is hardly necessary to say that that assumption is erroneous. Counsel should apply to

the trial judge if they desire him to direct a witness to make responsive answers. If this is not done, the law imposes no duty upon the judge to interfere.

It is claimed that the trial court "erred in restricting defendants' counsel in the cross-examination of plaintiff relative to the detaching and removing of a portion of the original order sent in." On the cross-examination of plaintiff it appeared that his bookkeeper had detached and sent over to his lawyer a portion of the original order. This detached portion contained the terms of payment and of shipment. After defendants' attorney had, on cross-examination of plaintiff, drawn out the foregoing facts, and the further fact that he did not remember when the detachment occurred, plaintiff's counsel conceded the correctness of the duplicate in defendants' possession, and objected to further cross-examination. Defendants' counsel contented himself with saying, "I have a right to examine about the way he did send it and the way he filled that order." The court thereupon made a ruling, which it is contended by defendants prevented further cross-examination on the subject. If there was any reason for continuing this cross-examination, it is not apparent, and it did not occur to the trial judge. Under these circumstances he had a right to act on the reasons stated by defendants' counsel. If the latter knew of any such reason, he did not state it. He merely insisted upon his "right to examine about the way he did send it and the way he filled the order." This right he unquestionably had, and it was not affected by the ruling complained of.

One of the defendants testified that it was impossible for them to utilize certain small pieces of the worsted. The trial court struck out this testimony. This action was not prejudicial because later the same witness was permitted to testify "these goods that were shipped were absolutely worthless to us."

One of plaintiff's witnesses testified that in a garnishment suit an agent of defendants made a disclosure of indebtedness. He testified that he could not remember the

exact amount of the disclosure. On cross-examination the court sustained an objection to this question: "Didn't you, during the trial there [the former trial in justice's court], make some remark that you were not clear and definite as to what had been disclosed?" Defendants were not prejudiced by this ruling, for it already sufficiently appeared that the witness was not clear and definite as to what had been disclosed.

On cross-examination of one of plaintiff's witnesses the following occurred:

"*Q.* The bill that was sent here two off ten days ? (referring to the bill that plaintiff sent defendants for the goods in question).

"*A.* They were bought on sixty days, if I am not mistaken. A copy of the order will show.

"*Plaintiff's Counsel:* That is admitted two or three times. I object to the endless repetition of propositions that are admitted.

"*The Court:* There is no necessity for it, if you knew that order was admitted and conceded to be the order.

"*Mr. Sloman:* But as bearing upon the fact that in all things in this entire order it was absolutely disregarded, and a failure to comply with it.

"*The Court:* That is an argument. You need not argue with the witness. I am going to give you time to argue with the jury."

This was not erroneous. There was no occasion to inquire what was shown on the face of an order already in evidence. If the discrepancy between the order and the bill had any tendency to show that the goods furnished did not conform to the contract, that was, as the trial court said, a matter of argument.

The trial court refused to give the following requests preferred by defendants:

"Defendants gave testimony tending to show that on or about the day of the receipt of the goods they notified the plaintiff by letter that the goods shipped were not the kind they ordered, and that this letter was enclosed in an envelope addressed to the plaintiff, postage prepaid, with a return stamp on the envelope, and was deposited by one of the defendants in the United States mail box for mail-

ing. The presumption of law is that the letter was received by the plaintiff, and the burden is upon him to show that he did not receive the letter."

This request was properly refused. Its vice is this: It does not give the jury to understand, as it should, that the presumption that the letter was received depends upon defendants establishing by a preponderance of proof that they sent the letter. If this request had been given, the jury might easily have inferred that the burden rested upon the plaintiff to prove that he never received a letter which he had a right under this record to claim was never mailed. In other words, this request might, if given, have improperly transferred from defendants to plaintiff the burden of proving that the letter was mailed.

Defendants complain because the trial court did not charge:

"Whether he [plaintiff] received the letter or not, if you find from the evidence that the defendants notified plaintiff's agent Goldstick, within the reasonable time I have spoken of, of the goods *not* being what was ordered, as the testimony tends to show on the part of the defendants, such notice has the same effect in law as if it were given to the plaintiff."

According to the defendants' testimony, at the time the notice was given to the agent Goldstick the latter was acting in antagonism to the plaintiff. Goldstick desired to have the goods left with defendants to enable him to collect from plaintiff his commissions, while—if the facts were as defendants testified—it was plaintiff's duty to take them away. In other words, at the time this alleged notice was given, defendants knew that the agent would himself disregard it, and that he would not communicate it to his principal. It is scarcely necessary to say that such a notice was not a notice to the principal.

The record discloses no error. No other complaint demands discussion.

The judgment is affirmed, with costs.

MOORE, C. J., and McALVAY, GRANT, and BLAIR, JJ., concurred.