ROBBINS *v.* VANDERMEIDEN.

ROBBINS *v.* CAMPMAN.

1. GARNISHMENT—DISCLOSURE—INTERPLEADER—PARTNERSHIP.

Upon the disclosure of a garnishee that a debt owing by him was due to the principal defendant and another, as copartners, doing business under the name and style of Grand Haven Cement Company, which was interpleaded, the court finding that the fund belonged to the partnership, an order should have been entered awarding the fund to the copartnership, and the inquiry should have terminated.

2. PARTNERSHIP—NAMES—STATUTES.

After a copartnership had been summoned in to sustain its claim to the fund which had been garnished, and after the court had made a finding that such fund belonged to it, and not to the principal defendant, the fund could not be awarded to plaintiff on the theory that the copartnership had not properly registered under Act No. 101, Pub. Acts 1907 (2 How. Stat. [2d Ed.] § 2626 *et seq.*), where no affirmative relief was demanded in its behalf and it was not in court voluntarily or as a suitor.

Error to Ottawa; Cross, J. Submitted January 22, 1914. (Docket No. 51.) Decided October 3, 1914.

Garnishment proceedings by Nathaniel Robbins against Henry J. W. Campman in which the Grand Haven Cement Company was interpleaded, to establish its claim to the fund or indebtedness which was shown by the disclosure. Judgment for plaintiff. Defendant garnishee brings error. Reversed.

*Coburn & Misner,* for appellants.

*Walter I. Lillie,* for appellee.

BIRD, J. Plaintiff obtained a judgment by default in November, 1911, against the defendant Vandermeiden, for $463.17. In June, 1912, he caused a writ of garnishment to be issued out of the circuit court and served upon Campman, the garnishee defendant. The garnishee defendant disclosed that he was not indebted to Vandermeiden for the construction of a cement sidewalk, but was indebted for the same to the Grand Haven Cement Company. Following the disclosure both the Grand Haven Cement Company and the garnishee defendant filed motions to dismiss the garnishee proceeding, but both of these motions were denied. Later, upon motion of plaintiff, an order was made interpleading the Grand Haven Cement Company as claimant. The Grand Haven Cement Company was a copartnership composed of the principal defendant and Henry Swafink. There appears to have been a contest, and the court found that the fund garnished did not belong to the principal defendant, but that it did belong to the Grand Haven Cement Company. It was further found by the court that while the fund belonged to the Grand Haven Cement Company, it could not establish its claim thereto by reason of its failure to file with the county clerk the certificate required by Act No. 101 of the Public Acts of 1907 (2 How. Stat. [2d Ed.] § 2626 *et seq.*), relating to copartnerships, and in conse-

quence thereof he awarded the fund which had been paid into court, to the plaintiff.

Complaint is made that the trial court was in error in denying the motion to dismiss the garnishee proceedings, and also in awarding the fund to the plaintiff. Appellant makes the argument that the only way in which the court could justify his order awarding the fund to the plaintiff was to first find that it was owing to the principal defendant. This position is well taken and is supported by both reason and authority. 20 Cyc. p. 983; *Farwell* v. *Chambers,* 62 Mich. 316 (28 N. W. 859) ; *Clay Lumber Co.* v. *Coal Co.,* 174 Mich. 613 (140 N. W. 912).

The inquiry which was instituted by the garnishee proceeding was whether any sum was owing by the garnishee defendant to the principal defendant. The disclosure of the garnishee defendant stated that he was not so indebted, but was indebted to the Grand Haven Cement Company. This ended the inquiry, and was final unless the plaintiff desired to contest the truth of the disclosure of the garnishee defendant that he was not indebted to the principal defendant, or unless he desired to have the Grand Haven Cement Company made a party and contest with it the question as to which was entitled to the fund. The latter course was pursued and the court found the Grand Haven Cement Company was entitled to the fund. When this conclusion was reached it in effect denied plaintiff's claim that he was entitled to the fund, and ended the inquiry. But the court went farther and awarded the fund to plaintiff after he had, by his finding, denied his right to it, and this order is sought to be justified on the ground that the copartnership which was entitled to the fund could not establish that fact by reason of its failure to file the certificate required by law. We think the trial court must have overlooked the fact that the copartnership

was not voluntarily in court. Neither was it in court as plaintiff asking for affirmative relief. It was in court as a respondent and by force of an order of the court requiring it to show cause, touching the ownership of the fund, and for the purpose of enabling the court to determine to whom it belonged.

It would hardly be consistent to compel the copartnership to become a suitor and then deny to it the right of a suitor. The right to enforce their demands in the courts has been denied to delinquent copartnerships under this statute in *Cashin* v. *Pliter*, 168 Mich. 391 (134 N. W. 482, Ann. Cas. 1913C, 697), but in that case the delinquent copartnership was seeking affirmative relief. In the case before us the garnishee defendant has voluntarily paid money into court which he confesses belongs to the Grand Haven Cement Company. The plaintiff is not entitled to the money, and neither the principal defendant nor the garnishee defendant claims it; therefore it amounts to a voluntary payment by the garnishee defendant to his admitted creditor, the Grand Haven Cement Company. The judgment awarding the fund to the plaintiff will be vacated, and one entered in the trial court in favor of the Grand Haven Cement Company.

McAlvay, C. J., and Brooke, Kuhn, Stone, Ostrander, and Steere, JJ., concurred. Moore, J., did not sit.