## SOLOMON *v.* WEINER.

1. NAMES—FICTITIOUS NAMES—STATUTES—SET-OFF AND RECOUP-
MENT.

In an action to recover a claimed balance due for goods sold
and delivered, where defendant admitted that he had not
complied with the provisions of Act No. 101, Pub. Acts
1907, relative to persons doing business under an assumed
or fictitious name, the trial court properly limited defend-
ant's recovery by way of set-off to what was necessary to
wipe out plaintiff's claim.

2. SALES—CONTRACTS—MEASURE OF DAMAGES.

Where plaintiff sold defendant scrap iron at a fixed price
per ton and defendant objected to receiving certain cast-
ings because they were too heavy to handle, whereupon
plaintiff instructed him to return them if he did not want
them at the contract price, but instead of doing so he kept
them and later sold them, the measure of damages was the
contract price, and the trial court was in error in instruct-
ing the jury that defendant should account for them at
what they were reasonably worth.

Error to Calhoun; North, J. Submitted June 22,
1915. (Docket No. 92.) Decided September 28, 1915.

Assumpsit in justice's court by Moses Solomon
against Norman Weiner, doing business as the Albion
Iron & Metal Company, for goods sold and delivered.
From a judgment for defendant in justice's court,
plaintiff appealed to the circuit court. Judgment for
defendant. Plaintiff brings error. Reversed.

*Merton Fitzpatrick* and *Wilbur D. Grommon,* for
appellant.

*Edward R. Loud,* for appellee.

BIRD, J. This suit was commenced by plaintiff to recover a balance of $70.50 which he claims was due him on certain consignments of scrap iron and waste paper sold to defendant and shipped to him at Battle Creek. The case was tried in justice's court, and afterwards on appeal in the circuit court. Judgment was denied to plaintiff in both courts. It is claimed that several errors occurred on the trial which entitle him to a retrial of the matter.

1. The defendant pleaded the general issue and gave notice thereunder of set-off and recoupment. When he attempted to establish his set-off and recoupment, he was met with the objection that he was precluded from so doing by reason of his failure to comply with the provisions of Act No. 101, Pub. Acts 1907 (2 How Stat. [2d Ed.], § 2626 *et seq.*), relative to persons doing business under an assumed or fictitious name. Defendant conceded that he had not filed the affidavit required by the act, but insisted that such failure ought not to preclude him, when sued, from establishing the fact that he did not owe the plaintiff, or that there was no debt due. The trial court agreed with him, but held that he could recover nothing by way of set-off beyond what was necessary to wipe out the plaintiff's claim. In other words, that, should the jury find a balance in defendant's favor, no judgment therefor could be rendered in his behalf. While this court has denied to those making contracts in violation of this act the right to have them enforced in the courts (*Cashin* v. *Pliter*, 168 Mich. 386 [134 N. W. 482, Am. & Eng. Ann. Cas. 1913C, 697]), we do not think the denial should go to the length of holding that, when such persons are sued, they may not show that they are not indebted as claimed. See *Robbins* v. *Vandermeiden*, 182 Mich. 674 (148 N. W. 747). It follows that the limitation fixed by the trial court upon the defendant's right to make his defense was proper.

2. Error is assigned upon the following instruction:

"Incident to the car of iron and claim of the defendant relative to the four tons of castings that were rejected, I say to you that in the first instance the defendant, especially after he received the notice from the plaintiff which has been read in your presence relative to this item, did not have the right to keep the 8,000 pounds of heavy castings. It was his duty to return them to the plaintiff under the law and evidence in this case; but, since he has kept those castings, he must now account to the plaintiff for them in the amount that they are reasonably worth, and that you should determine from the evidence in the case, it being claimed on the part of the defendant that the reasonable value of those was $7 a ton. The plaintiff claims that they should have been allowed to him at the amount of $12 a ton."

It is conceded that the contract price for the cast iron scrap was $12 per ton, but it was claimed by the defendant on the trial that there were several tons of very heavy scrap, which could not be used by the Battle Creek foundries unless it was broken up, and the breaking would cost $5 a ton. There appears to have been no such exception made in the contract. Soon after the cars arrived at Battle Creek, the defendant claims that he notified the plaintiff with reference to the shortage in weights; but no exception was taken to the heavy scrap until some time afterward, when plaintiff was urging the defendant to make payment therefor. Defendant then made this claim, and plaintiff wrote defendant in substance that, if he did not want the heavy scrap at the contract price, he could return it at his (plaintiff's) expense. In reply to this letter the defendant informed plaintiff that, if he wanted the heavy castings returned to him, he could come over to Battle Creek and load it upon the cars. Defendant did not return it to plaintiff, but later disposed of it.

Under these circumstances we think the trial court

was in error in charging the jury that the measure of damages for the heavy castings was what it was reasonably worth in the market. It was conceded by the plaintiff that the contract called for heavy scrap, and that it was to be paid for at the rate of $12 per ton. When defendant protested that it was too large to be used by the foundries, the plaintiff ordered him to return it, if he did not want it at that price. Instead of doing so, he kept it, and later sold it. Under this state of facts the defendant must be held to have accepted the heavy scrap, and, if he did, it follows that he is liable for the contract price. *Brown* v. *Harris,* 139 Mich. 372 (102 N. W. 960). See, also, *Talbot Paving Co.* v. *Gorman,* 103 Mich. 403 (61 N. W. 655, 27 L. R. A. 96) ; *Williams* v. *Robb,* 104 Mich. 242 (62 N. W. 352).

The other assignments of error are without merit.

The judgment will be reversed, and a retrial ordered.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.

The late Justice McALVAY took no part in this decision.