TRIMOUNT LUMBER COMPANY *vs.* ALBERT B. MURDOUGH.

Middlesex.    December 7, 1917. — January 11, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, ·PIERCE, & CARROLL, JJ.

*Contract,* Performance and breach.    *Sale,* Warranty, Notice of claim for damages by buyer after acceptance of goods.    *Sales Act.    Waiver.    Damages,* In recoupment.    *Practice, Civil,* Exceptions, Verdict.

In an action of contract for the price of certain lumber, the defendant filed an answer in recoupment alleging that the lumber was not delivered within the time required by the contract.   All the lumber delivered had been accepted by the defendant.   For more than a year after the last delivery no claim was made by the buyer of damages for non-fulfilment of the contract " other than a notification twice repeated that if " a certain part of the lumber " was not delivered promptly the defendant would buy it in the Boston market," and it appeared that the part of the lumber in question might have been bought in the Boston market at the time when the buyer asked for the lumber and accepted it from the seller.   The presiding judge instructed the jury that, if the buyer claimed to have been damaged through delay in delivering or lack of quantity or quality of which he knew or ought to have known, and failed within a reasonable time after acceptance to notify the seller that he claimed damages, although particular defects need not be specified, he could not recover, even if he had suffered damage from a breach of the contract. The jury found for the plaintiff seller for the full amount of the price claimed with interest and with no deduction for recoupment.   *Held,* that the instruction of the judge was in conformity with the provisions of the sales act contained in St. 1908, c. 237, as well as with the common law before its passage, and was right.

In the same case it was *said* that, the facts not having been in dispute, the question, whether the judge should have ruled as matter of law that the defendant had not acted within a reasonable time, not having been raised at the trial, need not be considered by this court.

In the case above described, it also was *held,* that the verdict of the jury for the plaintiff in the full amount claimed was a conclusive finding that the defendant was entitled to no damages in recoupment because he had failed to give notice of his claim within a reasonable time, and therefore exceptions of the defendant to the exclusion of evidence which he contended was admissible to show the amount of the damages suffered by him became immaterial.

CONTRACT for $730.52, with interest, upon a contract in writing made by letter for the price of certain lumber sold and delivered to the defendant.   Writ dated August 16, 1911.

The defendant's answer, besides a general denial and an allegation of payment, contained the following: " Further answering

the defendant says that the plaintiff agreed to deliver the lumber under the contract as it should be required by the defendant for the use in the building, to wit, the Classical High School, at Lynn, which the defendant, to the plaintiff's knowledge, contracted to erect at that time in the city of Lynn; and the defendant says that the plaintiff did not make the shipments on time, and as the lumber was required to be used in the building; and the defendant says that by reason thereof he was greatly damaged, and is, therefore, entitled to recoup in this action."

In the Superior Court the case was tried before *Wait,* J. The essential facts shown by the evidence and the instructions of the judge upon the defendant's claim in recoupment are stated in the opinion. A part of that portion of the charge was as follows:

"In other words, you can accept goods and if you accept them you are bound to let the man that sold them to you know of any claim you are going to make against him within a reasonable time after you know you are going to make the claim or ought to have known that the breach you claim is in existence.

"Now, that is important in this case, gentlemen. If these goods were not up to the contract, if they were less in amount than they ought to have been, or if the delay in their delivery was such as to cause damage, it was up to the defendant if he proposed to accept the goods to give notice of that claim within a reasonable time, and if he did not, no matter whether his claim is good, bad or indifferent, he cannot maintain it, and it is a question for you in this case if there was any right which the defendant had on account of any breach of the contract through delay in delivery or through lack of quantity or quality, whether if he knew of it he made a claim within a reasonable time."

The jury returned a verdict for the plaintiff in the sum of $1,028.18; and the defendant alleged exceptions.

*J. H. Vahey, (P. Mansfield* with him,) for the defendant.

*C. P. Sampson,* for the plaintiff.

BRALEY, J. It appears from the correspondence between the parties, that the plaintiff's predecessor, to whose rights it has succeeded, contracted to deliver, free on board at the place of shipment, a certain quantity of "long leaf merchantable hard pine," the sizes of which were specified on schedules, which were to be used for the first floor of the high school building in process

of erection by the defendant. The contract being by letter, its terms and construction were for the court, and there can be no doubt that it called for all lumber furnished to be of "long leaf merchantable hard pine" of the sizes specified, which words are not only descriptive of what the defendant bought, but constitute a warranty of the kind, quality and size. *Fullam* v. *Wright & Colton Wire Cloth Co.* 196 Mass. 474, 476, and cases cited. It was contended by the defendant, who had pleaded in recoupment, that as the material was not of the "size and character called for" he was entitled to damages. But the exceptions unequivocally recite "that all the lumber delivered by the plaintiff was accepted by the defendant," and from the entire record, which includes the pleadings, it appears that while the last delivery was on March 23, 1910, no claim for damages for non-fulfilment "was down to April 1, 1911, ever given . . . other than a notification twice repeated that if the 3 x 14 material needed for the first floor was not delivered promptly the defendant would buy it in the Boston market." It is further stated "that this material could have been bought and supplied in Boston at any time from August 1, 1909, when asked for by the defendant, to November 1, 1909, when it had been accepted from the plaintiff and used by the defendant, and when all the lumber mentioned in the declaration had been delivered to the defendant. . . ." By § 49 of the sales act, St. 1908, c. 237, "In the absence of an express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor." The presiding judge in instructing the jury said that, if the defendant claimed to have been damaged through delay in delivery or lack of quantity or quality of which he knew or ought to have known, and failed within a reasonable time after acceptance to notify the seller that he claimed damages, although particular defects need not be specified, he could not recover, even if he had suffered damages from the breach, and left to the jury the question whether under all the circumstances such notice had been given.

It is settled independently of the statute that acceptance of title does not as matter of law constitute a waiver by the buyer of claims against the seller for failure to deliver goods of the quality ordered. The question is for the jury. *Taylor* v. *Cole*, 111 Mass. 363. *Gilmore* v. *Williams*, 162 Mass. 351. *Borden* v. *Fine*, 212 Mass. 425, 427, 428. *Gascoigne* v. *Cary Brick Co.* 217 Mass. 302, 305. *McGrath* v. *Quinn*, 218 Mass. 27, 29. See Williston on Sales, § 485. But under the statute such claims are not enforceable unless notice to the seller has been given within a reasonable time. The law having been accurately stated, and the interpretation of the contract being unexceptionable, the defendant, although he excepted to the instructions, has no ground of complaint.

A notice, that if the material needed for the first floor was not delivered promptly the defendant would buy it elsewhere, is not notice of a breach of the contract for which damages would be claimed. The verdict for the plaintiff for the full amount with interest being conclusive of the defendant's failure to show compliance with the statutory condition, his exceptions to the exclusion of evidence which he contends was admissible on the question of damages to which he was entitled in recoupment have become immaterial and need not be determined.

We add to avoid any misconception that, the facts not being in dispute, the question whether the judge should have ruled as matter of law that the defendant had not acted within a reasonable time, not having been raised at the trial, has not been considered.

*Exceptions overruled.*