**CHAMPION ANIMAL FOOD COMPANY, Plaintiff-Appellant, v. L. B. REICH DISTRIBUTING COMPANY, Defendant Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20741. Decided December 15, 1947.

**200**

Sanders & Sanders, Cleveland, for plaintiff-appellant.
William H. Rosenfeld, Cleveland, for defendant-appellee.

## OPINION

By SKEEL, J.

This cause comes to this court on an appeal on questions of law from a judgment of the Common Pleas Court of Cuyahoga County entered March 1, 1947. The plaintiff's petition is founded on an account for goods sold and delivered in the sum of $465.01 with interest from January 1, 1945.

The answer denies liability in that amount and by way of defense alleges that it is in the business of distributing food stuffs at wholesale and the order for merchandise which was dated December 6, 1944, was given by the defendant to the plaintiff on the representation of the plaintiff's agent that for all of the goods so ordered he had procured orders from retail food establishments so that the defendant would only have to fill such orders to dispose of the entire order. It is further alleged that delivery was to be made prior to December 25, 1944, so that it would be available for the Christmas business. The defendant alleges that the goods were not received until after January 1, 1945 and that part of the goods were received in a damaged condition and that the plaintiff's representations that the goods had been sold to retailers was untrue; that $142.50 worth of the merchandise was not resold and that they held such property for the plaintiff until it was condemned by the health office of the City of Cleveland. The defendant admits owing plaintiff $282.50 on account of that part of the merchandise which they had resold.

The reply of the plaintiff denies all of the affirmative allegations of the defendant's answer insofar as they contravert any part of the plaintiff's claim.

Upon trial, the written order for the goods signed by an officer of the defendant, and the receipt of the merchandise

by the defendant was admitted. An examination of the written order discloses that an unconditional sale of the goods therein described was intended.

The defendant's evidence was in part to the effect that they did not receive resale orders from the plaintiff's agent that in any way approximated the total number of cases of food stuffs purchased and received by defendant under its order of December 6, 1944; that the goods were not received until January 11, 1945, so that many of the retail grocers refused to receive the goods ordered through the plaintiff's agent because of late delivery. The defendant's evidence further tends to establish that they attempted to and did sell a part of the merchandise of the value of $258.50 for which amount they are willing to confess judgment; that the merchandise of the value of $57.00 was damaged in shipment from plaintiff to defendant, for which amount plaintiff has given defendant credit and such item therefore is not involved in the litigation. That on June 24, 1946, the balance of the merchandise was confiscated by the Health Department of the City of Cleveland as being then unfit for human consumption. The defendant's answer and its evidence does not seek damages for breach of contract or warranty, but seeks only to avoid liability beyond the amount of merchandise received from the plaintiff which it was able to and did re-sell.

An examination of the sales agreement between the parties discloses that it was a contract 'to sell' so that under the provisions of Sec. 8399 Paragraph 4 of the Sales Act, the property in the goods passed to defendant upon delivery to a carrier for transmission to defendant. There is no controversy as to the fact that defendant did receive the goods ordered. The defendant thereupon becomes liable to plaintiff for the full contract price which liability would continue until and unless some legal ground to avoid the same has been established.

Sec. 8429 GC provides:

"In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows or ought to know of such breach, the seller shall not be liable therefor."

In Williston on Sales, 2nd Ed. Vol. 2 para. 484 (a) page 1261, the author in discussing this section, says:

"It should be noted that this section is applicable not only to defects of quality but to breach of any promise or warranty as for instance, delay in time.
See: Trimont Lumber Co. v Murdough 229 Mass. 254; 118 N. E. 280; Mawhinney v. Millbrook Woolen Mills, 234 N. Y. 244, 137 N. E. 318, 319; Mason v Valentine Souvenir Co. 180 N. Y. App. Div. 823, 168 N. Y. S. 159. See also, Pennall v. New Jersey Brass Corp. 186 N. Y. S. 606."

If defendant in fact purchased said merchandise for the Christmas trade the claim for damages based upon late delivery was entirely waived for failure to comply with the provisions of this section. The defendant had full knowledge of the lateness of delivery at the time the goods were received, yet there is no evidence of notice of any kind that a claim for damages because of late delivery was ever given to plaintiff.

The same result attends the other claim of defendant that the contract was induced through untruthful representations that resale orders had been procured by plaintiff's agent. If defendant desired to rescind on this ground notice to that effect must be given and a tender back of that which has been received is a necessary part of such defense. Yet there is no evidence either of notice or tender back and the pleadings fail to set up a claim for damages founded upon counter-claim.

The judgment of the trial court denying the plaintiff the right of recovery beyond the amount confessed to be due must be reversed and final judgment entered for the appellant in the sum of $410.20 with interest from January 1, 1945.

HURD, PJ, MORGAN, J, concur.