Argued January 15, affirmed August 8, petition for rehearing
denied September 30, 1958

ISRAEL *v.* MILLER ET AL

328 P. 2d 749

*Carl R. Wells,* Portland, argued the cause for appellants. On the brief were McCormick, Wells & Fulop, Portland.

*Paul K. von Bergen,* Portland, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and ROSSMAN, BRAND*, and McALLISTER, Justices.

## McALLISTER, J.

This action was brought by Edward L. Israel, doing business as Edwards Lumber and Manufacturing Company, as plaintiff, against George E., Robert G. and James E. Miller, doing business as George E. Miller Lumber Company, as defendants, to recover the balance of the contract price of a carload of lumber. The lower court tried the case without a jury and found for the plaintiff. Defendants appeal.

The plaintiff is a wholesale lumber dealer with his office in San Francisco. The defendants are engaged in the same business with their office in Portland. On April 2, 1951, defendants ordered from plaintiff one car of kiln dried redwood lumber to be shipped in about 30 days to T. W. Ashby Lumber Co. at Holmes, Pennsylvania. The order specified 2 x 6 inch lumber to be surfaced on two sides only to a thickness of 1.13/32 inches. The price was $218.50 per thousand, less the freight to destination and a commission of 5 per cent. This order, no. 14522, was accepted by plaintiff on April 4, 1951.

After accepting the order it was necessary for plaintiff to buy the rough lumber from a mill, have it thinned by shimming, kiln dried and surfaced. The lumber was not shipped until November 9, 1951. In the meantime, there were numerous communications by telephone, telegram and letter between plaintiff and

---

* Resigned June 30, 1958.

defendants about the order. These are discussed in detail in the voluminous briefs but, in our view of the case, are largely immaterial. We will therefore summarize them briefly.

During May, defendants by letter and telephone urged plaintiff to expedite shipment of the order. On June 1, they requested plaintiff not to ship the order until further notice because defendants' customer in turn had requested a delay in delivery. On June 22, defendants' customer, T. W. Ashby Lumber Co., cancelled the order given defendant for this car of lumber.

Defendants contend that on June 22, they advised plaintiff that the lumber would not be shipped to Ashby, requested plaintiff not to have the lumber surfaced, to furnish them with a tally when the lumber was dried and promised, if plaintiff complied with their request, to help him dispose of the lumber. Defendants also contend that on September 27, plaintiff was notified that their order no. 14522 and other orders were cancelled. These contentions are denied by plaintiff. During the oral argument in this court, counsel for defendants conceded, for the purpose of this appeal, that a cancellation of order no. 14522 was not effected by the notice of September 27.

On November 5, plaintiff notified defendant by telegram that he was shipping their order no. 14522 and gave the car number as Sou 149033. This telegram provoked a spate of communications. Defendants replied to plaintiff's telegram as follows:

> "Retel do not ship our 14522 you were instructed not to ship unless released by us and during phone conversation June agreed to furnish us with tally when stock ready so that we could attempt to help you move stock. If you will furnish tally we will attempt to help move but we advise against loading without order."

On the following day, November 6, plaintiff replied as follows:

"As advised you in June under no circumstances could we accept cancellation of this order as stock was specially cut for your requirements        at that time we told you we would hold for thirty days and feel we have done more than necessary to assist you        we definitely did not offer to furnish tally as we specifically told you we would not surface until car ready therefore shipping as specified unless you care to divert."

Defendants responded as follows:

"Retel cannot accept Sou 149033. Letter follows."

There followed an exchange of letters which reiterated in more detail the respective contentions of the parties. Defendants refused to accept the car but offered to help dispose of it. Plaintiff insisted that the order had not been cancelled and that he intended to hold defendants to their contract because the lumber had been cut to a special size for which he had no other customer. Plaintiff advised defendants that the car was rolling, it was their responsibility and he would look to them for payment. Plaintiff mailed defendants an invoice for the car and a tally of the contents. On November 17, defendants returned the invoice stating that they would not accept the car but were retaining the tally and would attempt to sell the lumber for plaintiff.

The situation remained static until November 26 when plaintiff's attorney advised defendants by telephone that the car was stopped in Willard, Ohio and would take a local or higher freight rate if not diverted by 5 o'clock p. m. The action taken by defendants in response to this call fixes the posture of this case.

Defendants telegraphed plaintiff as follows:

"Requesting diversion sou 149033 to J F Murphy Ontario Street Station Philadelphia Pa PRR delivery under protest. Intend to hold you accountable for any loss occasioned by reason of your having shipped this car without release."

Plaintiff diverted the car as requested and advised defendants that he was doing so on the basis of their original order no. 14522.

Defendants without further notice or communication sold the lumber near Philadelphia for less than the contract price and remitted the proceeds to plaintiff. Plaintiff sued for the difference between the contract price and the amount remitted by defendants and the court fixed the amount due plaintiff at $2,442.35.

■■ The defendants accepted the lumber both expressly and by their conduct in reselling it. ORS 75.480[1] provides that the buyer is deemed to have accepted the goods when he does any act in relation to them which is inconsistent with the ownership of the seller. It is universally held that a resale of the goods by the buyer constitutes an acceptance. *Detroit Vapor Stove Co. v. Farmers' Cash Union,* 61 Utah 567, 216 P 1075; *Rock Island Plow Co. v. Meredith,* 107 Iowa 498, 78 NW 233; *Royal Card & Paper Co. v. Dresdner Bank,* 27 F2d 791; *Solomon v. Weiner,* 188 Mich 114, 153 NW 1058; *Whatley v. Weston, Dodson & Co.,* 289 Pa 36, 136 A 849; *White v. Schweitzer,* 221 NY 461, 465, 117 NE 941; 3 Williston on Sales (rev ed) 32, § 483; Vold on Sales 431, § 137.

---

[1] ORS 75.480 [Uniform Sales Act § 48]. The buyer is deemed to have accepted the goods when he intimates to the seller that he has accepted them, or when the goods have been delivered to him, and he does any act in relation to them which is inconsistent with the ownership of the seller, or when, after the lapse of a reasonable time, he retains the goods without intimating to the seller that he has rejected them.

■ Upon acceptance of the goods, the buyer becomes liable for the contract price. ORS 75.630[2] provides that where the property in the goods has passed to the buyer and the buyer wrongfully neglects or refuses to pay according to the contract, the seller may maintain an action against him for the purchase price. This section is declaratory of the common law. See *Sutton v. Clarke,* 42 Or 525, 527, 71 P 794. Liability to pay the purchase price is imposed on a buyer who accepts the goods although he might have refused to accept them because of a defect therein or delay in delivery. *Mawhinney v. Millbrook Woolen Mills,* 234 NY 244, 137 NE 318 (1922); *Symons v. Greenwood, etc. Co.,* 218 Mich 621, 188 NW 366 (1922); *Whitaker-Glessner Co. v. Strick,* 25 Ohio App 415, 158 NE 554 (1927); and 3 Williston on Sales (rev ed) 200, § 561. There is no contention in this case that the lumber did not conform to the contract.

■ The liability of the buyer to pay for the goods accruing upon an acceptance thereof is subject to his right to recover damages from the seller. It is provided in ORS 75.490[3] that in the absence of an agreement to the contrary, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. This section is applicable where the breach by the seller

[2] ORS 75.630(1) [Uniform Sales Act § 63]. Where, under a contract to sell or a sale, the property in the goods has passed to the buyer, and the buyer wrongfully neglects or refuses to pay for the goods according to the terms of the contract or the sale, the seller may maintain an action against him for the price of the goods.

[3] ORS 75.490 [Uniform Sales Act § 49]. In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor.

consists of delay in time of performance. *Trimount Lumber Co. v. Murdough,* 229 Mass 254, 118 NE 280 (1918) ; *Mawhinney v. Millbrook Woolen Mills,* supra, (1922) ; *Wildman Mfg. Co. v. Davenport Hosiery Mills,* 147 Tenn 551, 240 SW 984 (1922) ; *Richard v. American Union Bank,* 253 NY 166, 170 NE 532, 69 ALR 667 (1930) ; *Vernon Lumber Corp. v. Harcen Const. Co.,* 155 F2d 348 (1946) ; *Champion Animal Food Co. v. L. B. Reich Distributing Co.,* 50 Ohio Law Abstract 199, 78 NE2d 180 (1947) ; and 3 Williston on Sales (rev ed) 41, § 484(b).

In order to preserve his right to recover damages from the seller, a buyer who has accepted the goods must within a reasonable time, give notice to the seller of the breach of any promise or warranty. *Maxwell Co. v. So. Ore. Gas Corp.,* 158 Or 168, 74 P2d 594, 75 P2d 9, 114 ALR 696; *Tripp and Saunders v. Renhard et al.,* 184 Or 622, 641, 200 P2d 644. This notice is necessary where the breach consists of a failure to deliver on time. *Maxwell Co. v. So. Ore. Gas Corp.,* supra, and cases therein cited. If such notice or protest is given, the buyer's right against the seller is not destroyed by acceptance of the goods. A buyer seeking to recover for a breach of any promise or warranty must both plead and prove the giving of such notice. *Maxwell Co. v. So. Ore. Gas Corp.,* supra.

Viewed in the light of the foregoing rules, it is apparent that the judgment of the lower court should be affirmed. When the defendants accepted the goods they obligated themselves to pay the purchase price less any damages which they sustained by reason of a breach of the contract by plaintiff. Defendants contend that plaintiff's remedy, if any, was an action for damages for non-acceptance of the goods. In accord with that theory, defendants' affirmative answer al-

leges in some detail that plaintiff's damage, if any, was a result of his own breaches of the contract and was not caused by any default on the part of the defendants. Defendants' brief is based on the premise that they refused to accept the lumber. Defendants' answer and brief would have been appropriate if defendants had rejected the goods and "thrown upon the plaintiff the responsibility of taking action in regard to the property." *Brown v. Nelson,* 66 Vt 660, 30 A 94.

■ This is an action at law and any damages sustained by defendants could be recovered only by way of counterclaim. The defendants have neither pleaded nor attempted to prove a counterclaim for damages.

Affirmed.