**John L. OWEN, Appellant,**

v.

**SEARS, ROEBUCK AND COMPANY,**
a corporation, Appellee.

No. 16366.

United States Court of Appeals
Ninth Circuit.

Dec. 1, 1959.

Nicholas Granet, Portland, Or., for appellant.

Koerner, Young, McColloch & Dezendorf, John Gordon Gearin, Portland, Or., for appellee.

Before BONE and HAMLEY, Circuit Judges, and BOWEN, District Judge.

BOWEN, District Judge.

This is an appeal from the Trial Court's order directing a jury verdict for appellee (defendant below) at the close of appellant's (plaintiff's) case in chief in the trial of appellant's action against appellee for alleged breach of warranty of fitness to recover damages sustained by appellant when he was burned by a cigarette-lighted fire in a shirt he was wearing some time after it was purchased by his wife for him at appellee's Portland, Oregon store.

In the pretrial order which superseded the pleadings, appellee admitted as appellant contended that there is a diversity of citizenship between the parties and that more than $3,000.00, exclusive of interest and cost, is involved in this action. All other allegations and contentions of appellant were denied by appellee in the pretrial order. The Trial Court had and this Court has jurisdiction. 28 U.S.C.A. § 1332, and 28 U.S.C.A. §§ 1291 and 1294.

Appellee did not before the trial plead in its answer or contend as a defense in the pretrial order, as during and after the trial it has contended and does now contend, that appellant failed to give appellee notice of appellant's claim against appellee as required by the Oregon Uniform Sales Act (ORS 75.490). As to that, appellant argues that, by such failure of appellee to so plead and contend,

appellee waived its right to have received such statutory notice and to now claim lack of such notice as a defense, but that anyway commencement of appellant's suit in this case constituted the statutorily required reasonable notice to appellee.

Appellee, however, at the trial contended and now contends that the giving of such statutorily required notice by appellant was an indispensable condition to the existence of appellant's claim and of his presently asserted cause of action, and that the commencement of appellant's suit did not constitute reasonable notice to appellee within the meaning of the Oregon Uniform Sales Act, supra. There is no contention that appellant gave to appellee any notice by any other means than by such suit commencement.

This case is based upon alleged breach by appellee of implied warranty of fitness of the shirt for use as an item of suitable wearing apparel for appellant at the time of the alleged fire.

■ Appellant's alleged cause of action for such breach of warranty arose in Oregon. This diversity of citizenship case involving such cause of action is based upon the law of that, not any other, state and not upon a federal law, and the rule of Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, and Guaranty Trust Co. of New York v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, makes of primary and paramount concern the applicable statutory and case law of Oregon. In pertinent part the Oregon Uniform Sales Act, supra, provides:

"In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. *But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor."* (Emphasis supplied.)

The Supreme Court of Oregon, in Tripp v. Renhard, 1948, 184 Or. 622, 200 P.2d 644, 653, interpreted the notice requirement of the above quoted Oregon statute as follows:

"It will be noticed that the provision exacts of a buyer, who is not favored by a stipulation to the contrary, a duty which he must perform if he wishes to hold the seller liable for a breach of warranty. The duty is the following: *'give notice to the seller of the breach of* any promise or *warranty.'* The provision states clearly the time when the duty must be performed. The time schedule is: *(1) 'after acceptance,'* and *(2) 'within a reasonable time after the buyer knows, or ought to know, of such breach.'* By reverting again to the provision, it will be observed that its sweeping language is all inclusive. It is not applicable only in some forms of action, nor is it confined only to some defenses. *In fact, it is not concerned with procedure.* The object of its concern is something more fundamental than procedure. Procedure is subservient to or the handmaiden of rights. *Section 49 is concerned with the recognition and extinction of rights.* The provision recognizes no exceptions to the rights with which it deals and the duties which it exacts save only those wherein the parties by 'express or implied agreement' have provided for a different course. *It states in simple language the result which the courts must recognize when the buyer fails to give the needed notice.* The result, as stated, is: 'the seller shall not be liable therefor.'" (Emphasis supplied.) Nicholson v. Jones, 1952, 194 Or. 406, 242 P.2d 582, and Israel v. Miller, 1958, 214 Or. 368, 328 P.2d 749.

And the Oregon Supreme Court in Maxwell Co. v. Southern Oregon Gas Corporation, 1937, 158 Or. 168, 74 P.2d 594, 597, 75 P.2d 9, 114 A.L.R. 697, 706, held:

> " * * * the clear and practically unbroken current of authority establishes the doctrine that *the requirement of notice, to be given by the vendee charging breach of warranty, is imposed as a condition precedent to the right to recover, and the giving of notice must be pleaded and proved by the party seeking to recover for such breach*: * * * "

(Emphasis supplied.)

Appellee contends that, even if the commencement of the action is, as contended by appellant, a proper method of giving the required notice, appellant's waiting about two years to bring this action was so long after the alleged warranty breach became known to appellant, the notice thereby given to appellee under the circumstances surrounding such delay was unreasonable and not a lawful notice. In that connection, the following circumstances may be noted: The shirt was destroyed in the fire except for the collar, and that was afterwards disposed of. The shirt was purchased in appellee's Portland, Oregon store. When appellant sustained his injuries, his wife was employed in that store. He was employed and lived in nearby Vancouver, Washington where after about eight weeks he recovered from his injuries and resumed gainful employment, and where he lived at the time of the trial. He was aware of the shirt burns as the cause of his injuries. There was no direct evidence of justification for his not giving prompt notice, although he contends that he had no information he could have given appellee that would have enabled appellee to act.

Appellee further contends that, if it had been correctly advised that the shirt was *not* a "Pilgrim" shirt for which the price paid was *not* $2.98 as the evidence shows, instead of having been misinformed by appellant's untrue statements and contentions in his complaint and in the pretrial order that the shirt *was* a "Pilgrim" shirt for which $2.98 *was* paid, appellee would by such correct advice have been assisted in identifying the lot from which the shirt came; and that the evidence shows appellant knew the color of the shirt and that it had short sleeves, had two or three buttons at the collar, was made from polished chambray lightweight cotton cloth, had navy blue trimming, was a gaucho type shirt, and was purchased in the month of May on a special sale.

Appellee convincingly reasons in effect that if appellant had given appellee prompt notice of his claim and of the foregoing information, appellee could have not only identified the lot from which the shirt came, but could have tested similar shirts in the lot for inflammable characteristics, and that such prompt notice would have afforded appellee opportunity to tender the defense of this action to the manufacturer of the burned shirt.

■■ Our decision upon the issue as to notice is that no pleading or proof of the defense of lack of notice was required of appellee, that it was necessary for appellant to, but he did not, allege and prove his giving to appellee the statutorily required reasonable notice of his claim in order to have a valid cause of action against appellee, that appellant did not merely by commencing this action give such or any reasonable notice, and that for that reason appellant did not and does not now have a valid cause of action and cannot maintain this action against appellee, and that appellant take nothing by this appeal.

We have considered but do not decide other issues presented by appellant and by appellee because, in view of the foregoing ruling against appellant and in favor of appellee on the issue of notice, our decision on the other issues could not change the result of that ruling.

The action of the Trial Court is affirmed.