CHARLES R. FORD v. DETROIT DRY DOCK COMPANY, GARNISHEE.

*Garnishment—Strict construction—Debt to joint defendants.*

Garnishees cannot be held in a suit against joint defendants if their disclosure shows an indebtedness to only a part of the defendants.

Garnishment proceedings are purely statutory, and cannot be extended by construction.

Relief cannot be given on review to a party who does not complain of a judgment against him.

The garnishment law does not contemplate proceedings to determine the relative rights of several joint defendants where some of them might be entitled to contribution from the others for an excess of property taken beyond their shares.

Error to Wayne. (Jennison, J.) April 11.—April 18.

GARNISHMENT. Plaintiff brings error. Affirmed.

*Fraser & Gates* for appellant. In garnishment proceedings it is not important that the indebtedness was due to the principal defendants individually: Drake on Attachment § 566; *Thompson v. Taylor* 13 Me. 420; *Stone v. Dean* 5 N. H. 502; *Parker v. Guillow* 10 N. H. 103; the garnishee's disclosure is conclusive as to his indebtedness to the principal defendant and as to the latter's property in his hands: *Hackley v. Kanitz* 39 Mich. 398; *Sexton v. Amos* 39 Mich. 695; *Tabor v. Van Vranken* 39 Mich. 793; but

not on every question which may arise between himself and the plaintiff, because provision is made for a trial of these matters : Comp. L. § 6448 ; *Maynards v. Cornwell* 3 Mich. 309 ; and in this trial the principal defendant has a right to intervene for the purpose of protecting his rights : *Wilson v. Bartholomew* 45 Mich. 41.

*George H. Lothrop* for garnishee. In garnishment suits in justices' courts the answer of the garnishee, when pertinent, must be taken as true, and no judgment can be rendered against the garnishee beyond his admitted liability : *Newell v. Blair* 7 Mich. 103 ; *Wellover v. Soule* 30 Mich. 482 ; and if he pays to the plaintiff any money to which the plaintiff has not a strict right under the statute, the garnishment proceedings are no bar to a recovery of the same money by the principal defendant : *Hebel v. Amazon Ins. Co.* 33 Mich. 401.

CAMPBELL, J. Plaintiff recovered before a justice a joint judgment against four defendants, and garnished the present defendant. An answer was put in admitting indebtedness in small amounts to a part of the defendants, each individually, but no joint indebtedness to any portion or to all of them. It also relied on their being householders.

In the circuit court, to which the garnishee case was appealed, a judgment was rendered against the present defendant for the excess of the money due by the garnishee beyond the statutory allowance to each defendant as a householder. Plaintiff brings error, claiming that he should have had judgment for the aggregate.

As we have found nothing in the statute which allows garnishee proceedings to reach property or debts belonging to only a part of the principal defendants, and as it is manifestly required by the statute that the defendant or defendants in the principal suit shall be the person or persons in whose right the garnishee plaintiff is allowed to prosecute the garnishee defendants, there is in our opinion no foundation for this complaint. These proceedings are purely statutory, and cannot be extended by construction. It never

was designed, by means of these proceedings, to make further proceedings necessary to determine the relative rights of various defendants, who might be entitled to contribution from their co-defendants for an excess of property taken beyond their shares.

The plaintiff has no reason to complain of the judgment, and as defendant has not appealed, it must be affirmed with costs against plaintiff.

The other Justices concurred.