·Jesse H. Farwell v. F. H. Chambers, Circuit Judge.

*Garnishment—Of debt due one of several principal defendants—Not author. ized by How. Stat. sec. 8058—Prior to amendment by Act No. 128, Laws of 1885—Effect of which Court decline to discuss— Where principal and garnishee defendants are general partners—And plaintiff is a special partner in the firm—And an accounting is necessary to determine relative rights—Garnishee proceedings will not lie against one general partner in suit by special partner against remaining general partners— Debt, to be subject to garnishment, must be one for which an action at law can be maintained by principal defendant.*

1. Where in a suit against *two* defendants an affidavit for garnishment was filed which averred an indebtedness due to *one* of them, and the garnishee defendant made a motion to quash for that reason, and because the principal defendants and himself were general partners, and said plaintiff was a special partner in said firm, and that in order to ascertain the relative rights of the partners an accounting must be had, and supported such reason by an affidavit of the truth of the facts stated, which were not controverted,—

*Held*, that under How. Stat. § 8058, prior to its amendment by Act No. 128, Laws of 1885, the *first* reason was sufficient to quash the garnishee proceedings; citing *Ford v. Detroit Dry Dock Co.*, 50 Mich. 358, with approval.

---

[1] See *Blodgett v. City of Muskegon*, 60 Mich. 580.

*Held*, further, that if said amendment changed the rule laid down in that case, which question the Court declined to discuss, the *second* reason would sustain the action of the circuit court in dismissing such garnishee proceedings.

2. A claim, to be subject to garnishment, must be one for which the principal defendant can maintain an action at law, if due at time of garnishment, or to become due thereafter.

Mandamus. Heard June 24, 1886. Denied July 1, 1886.

The facts are stated in the opinion.

*George H. Lothrop* and *Henry A. Chaney*, for relator.

*Ed. E. Kane*, for respondent.

SHERWOOD, J. Jesse H. Farwell sued Henry Collins and Thomas Jeynes in the circuit court for the county of Wayne on a joint promissory note for $3,583, and garnished Eugene Robinson.

The following is a copy of the affidavit upon which the writ of garnishment was issued:

" Jesse H. Farwell, of Detroit, Wayne county, Michigan, being duly sworn, deposes and says that he is the plaintiff in the above-entitled cause, commenced by this deponent against Henry Collins and Thomas Jeynes, as defendants, in the circuit court for the county of Wayne; that the same is a personal action arising upon contract ; and that the said Henry Collins and Thomas Jeynes are justly indebted to him in the sum of three thousand five hundred and eighty-three dollars upon a certain promissory note, a copy of which is annexed to the declaration in this suit, over and above all legal set-offs, which sum is now due and unpaid, and which the said deponent believes he is entitled to recover in the said action against the said Henry Collins and Thomas Jeynes.

" And this deponent further says that he has good reason to believe, and does believe, that Eugene Robinson, Esq., of said Detroit, has property, money, goods, chattels, credits, and effects in his hands or under his control belonging to the said Thomas Jeynes, and is indebted to the said Thomas Jeynes.

"And this deponent further says that he is justly apprehensive of the loss of the said sum so due to him from the said Henry Collins and Thomas Jeynes, as aforesaid, unless a writ

of garnishment issue to the aforesaid Eugene Robinson; and further this deponent saith not."

The writ issued was in the usual form, and, with the declaration in the case, was personally served upon Robinson, and a copy of the declaration was served on defendant Jeynes.

No service was made upon Collins by reason of his absence from the State.

Jeynes appeared in the original suit, and filed his plea of the general issue.

Robinson appeared by his attorney specially for the purpose, and entered a motion to set aside the writ of garnishment, of which motion, and the reasons therefor, the following is a copy:

"*Jesse H. Farwell v. Henry Collins and Thomas Jeynes, Principal Defendants, and Eugene Robinson, Garnishee Defendant.*

"IN THE CIRCUIT COURT OF WAYNE COUNTY.

"And now comes the above-named garnishee defendant, by Edward E. Kane, his attorney, appearing especially in said cause for the purpose of this motion only, and moves the court to set aside and dismiss the writ of garnishment served upon him therein for the following reasons, viz.:

"1. That said circuit court had no jurisdiction to issue said writ of garnishment, and the same is illegal and void, because:

"*a*—The affidavit upon which said writ of garnishment is based, is imperfect, defective, and insufficient to give said court any jurisdiction to issue said writ.

"*b*—Said affidavit contains no averment that the principal suit in which said writ was issued, was commenced by declaration, writ of *capias*, summons, or attachment, or that said suit was pending when the affidavit was made.

"*c*—Said affidavit contains no averment that said principal defendants, or either of them, were indebted to said plaintiff on the contract upon which the personal action against said principal defendants therein referred to, arose.

"*d*—Said affidavit contains no averment that the contract therein referred to, upon which said personal action arose, is an express or implied contract.

"*e*—Because it is averred in said affidavit that said Robinson is indebted

·only to one of the above-named principal defendants, viz., said Thomas Jeynes, and not that he is indebted to both of said principal defendants, either jointly or severally.

" *f*—Because said writ of garnishment is defective and void, for the reason that all through said writ, save in the recitals thereof, the said Thomas Jeynes is stated to be sole defendant.

" 2. Because if said Eugene Robinson was at all indebted to said Thomas Jeynes, or had any property, money, goods, ·chattels, credits, or effects of his in his hands or under his control at the time said writ of garnishment was issued, such indebtedness was of such a character, and he held and controlled said goods, chattels, credits, and effects in such a way and capacity, that they could not be garnished by said plaintiff, and said writ of garnishment therefor gave said court no jurisdiction over said indebtedness from said Robinson to said Jeynes, or over any of the property, moneys, goods, ·chattels, credits, or effects of said Jeynes in the hands or under the control of said Robinson, for the reasons following viz.:

"If, at the time said writ was issued, said Robinson was at all indebted to said Jeynes, or had in his hands or under his control any property, money, goods, chattels, credits, or effects belonging to said Jeynes, he was so indebted, and had in his hands and under his control said property and money, etc., as a member of the firm of Collins, Jeynes & Co., and said indebtedness was to said Jeynes, and said property, money, etc., belonged to him, as a member of said firm, and not in any other capacity; that said firm is composed of said Jeynes, Henry Collins, and said Robinson as general partners, and said plaintiff as a special partner; that there has been no dissolution of said firm, and no accounting, settlement, or adjustment of the matters and business of said firm between its members, or between said Robinson and said Jeynes, by which the amount coming to said Jeynes from said firm has been ascertained, or by which it has been determined that at the time said writ of garnishment was issued there was any particular sum, and if so how much, due from said Robinson to said Jeynes, or any particular sum of money or other property, and if so how much and what, in the hands or under the control of said Robinson belonging to said Jeynes; that there are still many important items of account unsettled and unadjusted between said Jeynes and the other remaining members of said firm, and they must be settled and adjusted before said Robinson can tell how much he was indebted to said Jeynes, or what property or money, credits or effects, of his he had in his hands at the time said writ of garnishment was issued.

" 3. That the entire claim and demand of said Farwell against said Jeynes and Henry Collins involved in the suit in which said writ was issued, is amply secured by a mort-

gage upon real estate, so that said Farwell did not have, at the time he made the affidavit upon which said·writ was issued, any just apprehension of the loss of the sum due from said Collins and Jeynes to him if said writ of garnishment was not issued. This motion is based upon the files and records of said cause in this court, and upon an affidavit this day filed therein, a true copy of which is hereto annexed.

"*March 11, 1886.*                    ED. E. KANE,

"Attorney for Eugene Robinson, for the purpose of this motion only."

This motion was subsequently brought to a hearing before the circuit judge, who caused an order to be entered setting aside the writ, and granting the motion of the garnishee defendant, upon the ground that it appeared the garnishee defendant was not indebted to *both* of the principal defendants, but was garnished for a debt claimed to be owing from him to only *one* of the principal defendants, viz., Thomas Jeynes.

We are now asked to issue a peremptory *mandamus* requiring the circuit judge to vacate and set aside said order. Accompanying the return made to the order from this Court to show cause why the writ should not be granted, and constituting a part thereof, is an affidavit of defendant Jeynes, wherein it is made to appear that the facts set forth in paragraphs 2 and 3 of the defendant's motion, containing the reasons why the writ of garnishment should be set aside, are true, and they are not denied by anything in the record. We think the order of the circuit judge setting aside the writ of garnishment was entirely proper.

This Court held, in the case of *Ford v. Detroit Dry Dock Co.*, 50 Mich. 358, that—

" There is nothing in the statute which allows garnishee proceedings to reach property or debts belonging to only a part of the principal defendants, and as it is manifestly required by the statute that the defendant or defendants in the principal suit shall be the person or persons in whose right the garnishee plaintiff is allowed to prosecute the garnishee defendants, there is no foundation for the complaint."

This case, and the views therein expressed, clearly support

the decision made by the circuit judge. We are asked, however, by the learned counsel for the plaintiff, to review the decision given by Mr. Justice Campbell in that case.

We have done so, and the review has served only to confirm us in the correctness of the opinion delivered by the Chief Justice, and we all agree with him that "these proceedings are purely statutory, and cannot be extended by construction."

The remedy, at best, is a harsh one, supported by no such equitable considerations as appeal to the conscience of the Court to give it effect in doubtful cases.

Several points were presented by the learned counsel for the defendant in his motion to dismiss the writ of garnishment in this case, which we think might have been safely relied upon for the granting of the motion; but, inasmuch as the ground upon which the circuit judge places his decision is regarded as questionable by counsel for plaintiff under the amendment to section 8058, How. Stat. (Act 128 of 1885),—a question we shall not now discuss,—we only need to say that the case of *Ford v. Detroit Dry Dock Co.* was decided before the amendment was passed; and the other points relied upon by defendant's counsel in his motion to dismiss will be found entirely sufficient to sustain the decision of the circuit judge, and we only need call attention to one of them for that purpose.

It appears, beyond question, that the principal defendants, together with the plaintiff and garnishee defendant, are a copartnership, and that the indebtedness attempted to be garnished is going to that firm; and whether there is any such indebtedness on the part of the garnishee defendant to the principal defendants, or to either of them, cannot be ascertained with any certainty until there has been an accounting and settlement of the firm business, and an adjustment of the account of the garnishee defendant with the firm, and such an accounting cannot be had at law; that such indebtedness, if any exists, is unliquidated, and can only be ascertained and determined in a court of equity; thus requiring proceedings to be taken never contemplated by the

framers of the garnishee act, and which cannot be had in a court of law.

No claim can be garnished against a debtor unless the creditor can maintain an action at law for the same, if due, or when it becomes due. This claim shows no such claim existed against the garnishee defendant in favor of the principal defendants, or in favor of either of them, when the writ was served.

The writ of *mandamus* will therefore be denied, with costs.

The other Justices concurred.