HATTIE F. WILSON AND FREDERICK E. FISHER v.
CORNELIUS J. REILLY, CIRCUIT JUDGE OF
WAYNE COUNTY.

*Garnishment—Non-resident defendants—Service of process.*

How. Stat. § 8087, authorizing the commencement of suit against
a non-resident defendant where garnishment proceedings have
been instituted in aid of the principal suit, by delivering to
him copies of the original process and of the affidavit for and
writ of garnishment, with proof of its service, accompanied by
a notice to appear and defend, does not cover a case where
there are several defendants, some of whom are residents of
this State, and who are personally served with process within
the jurisdiction of the court.

*Mandamus.* Submitted June 24, 1890. Granted August
1, 1890.

Relators applied for *mandamus* to set aside certain
garnishment proceedings. The facts are stated in the
opinion.

*Charles M. Swift,* for relators.

*H. E. Spalding,* for respondent.

CAHILL, J. On April 21, 1890, William W. Hannan
began his suit in *assumpsit* by summons in the Wayne
circuit court against the relators and one Nellie S. Evans,
claiming $5,000 damages. The summons was personally
served on Nellie S. Evans, April 24, 1890, and was
returned not served as to relators.

On May 21, 1890, William W. Hannan filed his affidavit
with the clerk of said court for a writ of garnishment
against Aaron C. Fisher, in which he set forth that he
had good reason to believe, and did believe, that Aaron

C. Fisher was indebted to each of said defendants severally in a large sum of money, and that Frederick E. Fisher and Hattie F. Wilson, the relators, were non-residents of Michigan, and resided in the state of Wisconsin, and that Nellie S. Evans resided in said Wayne county, Mich. On the same day a writ of garnishment was issued against Aaron C. Fisher, and was personally served on him. On May 23, a copy of the summons, and of the return of service thereon, and also of the affidavit and writ of garnishment, and the return of service thereon, together with a notice requiring them to appear and defend said action within 30 days after service upon them of said copies and notice, were served upon the relators in the state of Wisconsin.

On June 14, 1890, relators appeared specially by their attorney, and made a motion to set aside the garnishment proceedings, so far as related to them, upon several grounds. The motion was overruled by the circuit judge, and the proceedings held good. We are asked to review this ruling by *mandamus*. It will be necessary for us to notice only one point made in the motion to quash. It is as follows: The relators moved that the writ of summons and the writ of garnishment and proceedings, by virtue of which they are sought to be brought into court, be set aside,—

"Because the defendant Nellie S. Evans is a resident of the county of Wayne, and the defendants Frederick E. Fisher and Hattie F. Wilson only are non-residents, and there is no statutory provision for bringing non-residents into court in the manner attempted while some of the defendants are residents within the jurisdiction."

The section of the statute under which these proceedings are sought to be maintained, being How. Stat. § 8087, is as follows:

"If the plaintiff, in addition to the allegations herein-

before required to be contained in the affidavit for the writ of garnishment, shall set forth in such affidavit that the principal defendant is a non-resident, or a foreign corporation created in any jurisdiction (naming it), the principal writ (or declaration) and affidavit may be filed of the day of issue, and the writ of garnishment may be served as in ordinary cases; and within sixty days after such service the plaintiff shall cause to be delivered to such non-resident defendant, or to the president, secretary, cashier, or treasurer of such foreign corporation, residing out of this State, or upon any officer, clerk, or agent, residing or to be found within this State, a true copy of the principal writ (or declaration), affidavit, and writ of garnishment, with return of service thereon, and with a written or printed notice attached, signed by the plaintiff or his attorney, and stating that said non-resident defendant or foreign corporation is notified to appear and defend within thirty days after such service, or default will be entered, and judgment taken; and, upon filing an affidavit of such service, further proceedings to judgment may be had as in ordinary personal actions."

This special statutory provision, allowing the commencement of a suit in this State against a defendant residing in another state, is one which, under the former decisions of this Court relating to special statutory proceedings, cannot be extended to include any cases not within its express provisions. The statute provides only for the case of a non-resident *defendant*. No provision is made for cases where there are several defendants, some of whom are not non-residents, and who are personally served with process within the jurisdiction of the court.

In *Ford v. Dry-dock Co.*, 50 Mich. 358 (15 N. W. Rep. 509), we held that a garnishee proceeding could not be commenced where there was more than one defendant, and where it appeared that the garnishee was indebted to only one of such defendants. In *Farwell v. Circuit Judge*, 62 Mich. 316 (28 N. W. Rep. 859), the decision in *Ford v. Dry-dock Co.* was reviewed, and its correctness affirmed. By Act No. 128, Laws of 1885, the Legislature

amended the garnishee statute, so as to allow proceedings to be commenced where the garnishee was indebted to "the defendant, or any or either of the defendants," presumably to avoid the difficulties pointed out in the cases just cited.

We are asked by counsel for respondent to construe the section of the statute under which these proceedings are taken as though it read "that the principal defendant or defendants, or either of them, is a non-resident." We do not feel authorized to interpolate these words into the statute, but must leave that for the Legislature, if it choose so to enlarge the statute.

This disposes of the case, and the writ of *mandamus* must issue as prayed for.

The other Justices concurred.