## BLUMENTHAL v. SIMONS.

GARNISHMENT—ASSIGNMENT OF JUDGMENT—FRAUD.

Garnishment proceedings cannot be sustained against a judgment debtor where it appears that the judgment, prior to the institution of the suit, had been assigned by the principal defendant to a third party in trust for certain of his creditors, unless it is established that the assignment was fraudulently made.

Error to Ingham; Person, J. Submitted June 11, 1896. Decided June 30, 1896.

Garnishment proceedings by Albert Blumenthal and others against Benjamin F. Simons, as principal defendant, and David Burnham, a judgment debtor of Simons, as garnishee defendant. Arthur O. Bement, assignee of the judgment against Burnham, Quincy A. Smith, Richard A. Montgomery, and Jay P. Lee claimed the proceeds of the judgment, which had been paid into court. From a judgment for claimants, plaintiffs bring error. Affirmed.

*Sloman, Groesbeck & Robinson* ( *Wood & Wood,* of counsel), for appellants.

*Smith & Lee,* for appellees.

HOOKER, J. Simons recovered a judgment against Burnham for $3,000 in the circuit court of Ingham county, which was affirmed in this court September 25, 1894. 102 Mich. 189. Pending the appeal, the plaintiffs garnished Burnham, by proceedings instituted January 14, 1893. On January 9, 1893, Simons assigned the judgment and certain accounts due him to A. O. Bement, in trust, to collect and receive the same, and apply the proceeds to certain debts of Simons, therein enumerated. Bement took the accounts and proceeded to collect the same. At this time Bement was accommodation indorser for Simons to the extent of $20,000 or $30,000, and Simons owned a stock of goods, and perhaps other property, in Lansing, upon which he gave chattel mortgages on January 7, 1893, he having failed in business. Simons continued to run the business under the supervision of Bement, who saw that the receipts were applied to the liquidation of the mortgages, and the notes secured by the assignment of January 9th, until August 18, 1893, when the property was all assigned to Bement subject to the mortgages mentioned. Meantime Bement had paid the claims secured by the assignment of January 9th from the proceeds of the goods, or from his own means, or both, and the judgment remained uncollected. He seems to have

taken the property, and assumed the burden of paying
Simons' debts, as necessary to his own protection.  Burn-
ham filed a disclosure, which was sworn to by him on
March 1, 1893, denying any indebtedness, but admitting
the rendition of the judgment, and asserting that the action
was unsettled.  On January 31, 1895, he filed an amended
disclosure, admitting a judgment of $3,114, and interest
from October 27, 1892, and stating that he had paid the
money, in accordance with the order of the court, to
the clerk of the circuit court, on November 9, 1894.
He also stated that A. O. Bement, Q. A. Smith, J. P.
Lee, and R. A. Montgomery claimed interests in the
judgment; and, pursuant to a stipulation dated March 30,
1895, and the order of the court of November 9, 1894,
neither of which appears in the record, these persons
made and filed their respective claims against the fund,
and issues were joined thereon.

The plaintiffs contended that the assignment of January
9th was a fraudulent transaction, but the judge found
otherwise, and we think the exception to such finding
groundless.  The circuit judge also found that the prop-
erty assigned January 9th was insufficient in value to
pay the claims mentioned therein.  His finding shows,
however, that Bement collected from the accounts cov-
ered by such assignment $2,699.35, and that all or most
of this was collected after service of the writ of garnish-
ment.  Bement's assignment was absolute in form, and
was apparently accompanied by a delivery of the property
mentioned.  While, in equity, it would doubtless be held
a mortgage, as to Simons and his creditors, the legal title
to the property passed to Bement, and with it the right to
collect the judgment against Burnham, which Simons
was not thereafter in a situation to enforce.  It may be
doubted, therefore, whether a garnishing creditor would
be in a position to enforce payment against Burnham by
an action at law.   See 2 Shinn, Attachm. §§ 475, 516, and
cases cited; *Neumann* v. *Mining Co.*, 57 Mich. 97;
*Farwell* v. *Chambers*, 62 Mich. 321.

If, however, it be contended that this assignment can be treated as a mortgage in courts of law, Bement, the mortgagee, was in possession of the judgment against Burnham, as far as it was susceptible of possession.   See *Preston Nat. Bank* v. *George T. Smith Middlings Purifier Co.*, 84 Mich. 364.   If it is contended that, as mortgagee in possession, he might have been garnished, which we do not intimate, the right of redemption only would have been subject to the writ.   2 Shinn, Attachm. § 584.   But in this case no attempt was made to garnish Bement, who was left to deal with the property as he chose under the assignment.   There is reason to believe that he may have applied some, if not all, of the money collected from the accounts, to other obligations of Simons. These accounts were not garnished, and, so far as appears, Bement had no reason to doubt the propriety of relinquishing a part of such security, so long as the *cestuis que trustent* did not complain.   If ignorant of the garnishee proceedings, he owed no duty to the plaintiffs, who now insist upon the right to require him to exhaust the other assigned property before resorting to this judgment, and say that, if he has advanced from his own pocket, or from property covered by the chattel mortgages, to pay the *cestuis que trustent* under the assignment, he has done so at his peril, and cannot reimburse himself out of the property delivered to him for the purpose of securing the claims so paid, but that the plaintiffs are entitled to profit at his expense.

The record seems to disclose that the garnishee, Burnham, did not owe Simons, but that he did owe Bement, at the time the writ was served.   If Simons may be said to have had an interest in the judgment, it was that equitable interest called an "equity of redemption," which he could not assert against Burnham, but only against Bement.   This neither he nor the plaintiffs have attempted to do.   Instead of proceeding against the equity of redemption, they chose to attack the good faith of the assignment.   Had they succeeded in establishing fraud,

their proceeding would have been well planted. Failing in that, they have no foundation to support their claim.

The judgment of the circuit court is affirmed.

LONG, C. J., and MOORE, J., concurred. GRANT and MONTGOMERY, JJ., did not sit.