SAGINAW FINANCING CORP. *v.* DETROIT LUBRICATOR CO.

1. Assignments—Defenses Available Against Assignee Are Those Existing at Time of Assignment.

   Rule that assignee of nonnegotiable chose takes subject to defenses means defenses existing at time of assignment.

2. Same—Assignor Loses Control Over Chose—Estoppel.

   After assignment, assignor loses all control over chose and cannot bind assignee by estoppel or otherwise.

3. Same—Latent Equities Not Known to Assignee Not Binding on Him.

   Prior acts of assignor, which have not ripened into rights in others at time of assignment, are not binding on assignee without notice; assignment not being subject to latent equities not known to assignee.

4. Chattel Mortgages—Recording—Constructive Notice.

   Where finance corporation, purchasing chattel mortgage on automobile, recorded it and assignment thereof, subsequent purchasers of automobile from mortgagor were chargeable with notice of said mortgage and took subject thereto, notwithstanding mortgagor, by mistake, was allowed to retain memorandum showing payment in full, given to him prior to execution of mortgage on understanding that he was to pay cash.

Appeal from Wayne; Campbell (Allan), J. Submitted October 14, 1931. (Docket No. 115, Calendar No. 35,992.) Decided January 4, 1932.

Replevin by Saginaw Financing Corporation, a Delaware corporation, against Detroit Lubricator Company, a Michigan corporation, for an automobile. Judgment for plaintiff. Defendant appeals. Affirmed.

*Oxtoby, Robison & Hull,* for plaintiff.

*Monaghan, Crowley, Reilley & Kellogg (Stanley E. Beattie,* of counsel), for defendant.

Fead, J. July 18, 1927, Gremel & Liken sold to Vet Brown a Dodge sedan, in payment for which Brown gave a check for $695 and a postdated check for $1,000, and received a paper writing, misdated, as follows:

"Sebewaing, Mich., July 21, 1927.

"Sold to: Vet Brown,
North Branch

"Dodge Sedan .............$1695
Motor No. S10957
Serial No. 1S13006
Cash .................... 1695

"Settled in full
"Gremel & Liken,
"R. Liken, Sec."

July 21st, Brown returned it, said he could not pay the $1,000 check, and a chattel mortgage, in the form of title-retaining contract of sale on deferred payments, was executed and the car then delivered

to Brown.   The sellers did not think to take the original memorandum back from him.   On the same day the mortgage was sold and assigned to plaintiff, and, with the assignment, was filed with the clerk of the township of Brown's residence on July 25th.   August 24th, Brown sold the car to Thos. J. Doyle, Inc., which afterward sold it to defendant.   Doyle did not investigate the records for mortgages.   While there is good argument to the contrary, we will assume that the proof was sufficient that Doyle purchased in reliance on the memorandum as evidencing a sale for cash.   Brown having defaulted in payments, plaintiff brought replevin to recover the car under the mortgage, and had judgment.

Defendant invokes the principles that when an owner of chattels clothes another with apparent title by delivering possession and muniments of ownership to him, he is estopped from claiming ownership as against a *bona fide* purchaser, without notice, who buys in reliance on such apparent title, 21 C. J. p. 1156; 10 R. C. L. p. 777, and that the assignee of a nonnegotiable chose takes subject to all defenses against the assignor.   From these principles, it argues that, because Gremel & Liken gave Brown the memorandum of sale for cash, they and their assignee are estopped from claiming under a purchase price mortgage.

The rule that an assignee of a nonnegotiable chose takes subject to defenses means, of course, defenses existing at the time of the assignment.   After assignment, the assignor loses all control over the chose and cannot bind the assignee, by estoppel or otherwise.   5 C. J. p. 966.   Nor can prior acts of the assignor, which have not ripened into rights in others at the time of the assignment, bind an as-

signee without notice. An assignment is not subject to latent equities not known to the assignee. 11 C. J. p. 669; 5 C. J. p. 974; *Bloomer* v. *Henderson*, 8 Mich. 395 (77 Am. Dec. 453). When plaintiff bought the mortgage there were no defenses to it. Defendant and its vendor had no interest or equity in the car, actual or prospective, open or latent. Plaintiff, therefore, took good title.

By filing the mortgage and assignment, plaintiff gave notice to the world of its lien, binding on subsequent, even though good-faith, purchasers. Doyle and defendant were subsequent purchasers, charged by the record with notice of plaintiff's mortgage, and took subject to it.

Judgment affirmed, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.