L. C. MONROE CO. *v.* VANDER SYS.

Garnishment—Assignments.

> Where contractor presented owner with list of materials used but not paid for, and requested that he pay for them, which he agreed to do, although total amounted to more than balance due contractor, there was, in effect, assignment by contractor of balance due him, and thereafter there was no money in owner's hands belonging to contractor subject to garnishment.

Appeal from Muskegon; Pugsley (Earl C.), J., presiding. Submitted October 18, 1932. (Docket No. 119, Calendar No. 36,732.) Decided December 6, 1932.

Garnishment proceedings by L. C. Monroe Company, a corporation, against J. Vander Sys, principal defendant, and Robert B. Taylor, garnishee defendant. Judgment for garnishee defendant. Plaintiff appeals. Affirmed.

*Harry W. Jackson,* for plaintiff.

*Cross, Foote & Sessions,* for garnishee defendant.

Sharpe, J. On July 1, 1931, Robert B. Taylor as owner entered into a written contract with J. Vander Sys as contractor for the erection by the latter of a dwelling house for the sum of $5,125. It contained the following provisions:

"The contractor is to carry on the work with utmost dispatch consistent with economy and good workmanship a (and) guarantee to turn the work

to the owner free from all liens and indebtedness incurred by the contractor in its construction. * * *

"Should the contractor at any time refuse or neglect to supply a sufficiency of properly skilled workmen or of materials or fail in any respect to prosecute the work with promptness and diligence or fail to perform any of the agreements or refuse to arbitration (arbitrate) then the owner will be at liberty to provide at the expense of the contractor all such material and labor at such prices as (he) deems proper and cost and charges are to be retained out of the amount of the contract."

On October 1st, and before the building was completed, Vander Sys presented to Taylor a list of the materials used which were then unpaid, amounting to $1,587, with the names of the persons from whom purchased, and told him that he would have to pay them. They amounted to more than that unpaid upon the contract, but Taylor proceeded to make such payments. In the list was an item due the plaintiff. This was paid by Taylor. Soon thereafter, and while $985.79 yet remained unpaid, the plaintiff brought an action against Vander Sys and recovered a judgment for $752.74 and costs. At the time the action was brought, a writ of garnishment was issued and served on Taylor. In his disclosure he stated the facts as above.

The trial court in his opinion said:

"The test of the plaintiff's right to recover against Taylor was the liability of Taylor to Vander Sys at the time the garnishment was served. If Vander Sys could not at that time sue and recover from Taylor because of his breach of contract, then the plaintiff cannot recover that which was not due and payable to Vander Sys."

One of the items in the list above referred to was the price of a furnace which the contractor had in-

stalled in the house and which he had purchased under a title-retaining contract. Others were no doubt lienable at that time. Under the terms of the contract, the owner had the right to see to it that the material placed in his building was paid for, and the request of the contractor that he should make such payments, acceded to by him, was in effect an assignment of his claim for the balance due. *Neumann* v. *Calumet & Hecla Mining Co.,* 57 Mich. 97; *Farwell* v. *Chambers,* 62 Mich. 316; *Blumenthal* v. *Simons,* 110 Mich. 42. Thereafter, as the court found, the owner had no moneys in his hands belonging to the contractor, and the judgment in favor of the garnishee was properly entered.

It is affirmed.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.