OSCODA STATE SAVINGS BANK *v.* McALLISTER.

1. CHATTEL MORTGAGES—FILING—SUBSEQUENT PURCHASERS.
   Subsequent purchasers of a chattel covered by a duly filed chattel mortgage take subject to the mortgagee's interest, and are said to have constructive notice of the mortgagor's lien (CLS 1961, § 566.140).

2. NOTICE—CONSTRUCTIVE NOTICE.
   Constructive notice is that implied by law.

3. CHATTEL MORTGAGES—AUTOMOBILE FINANCING—ESTOPPEL—SUBSEQUENT PURCHASER.
   Plaintiff bank, chattel mortgagee, who left mortgaged automobile in hands of mortgagor knowing he was holding the vehicle for sale *held*, estopped to enforce lien of mortgage against purchaser for purpose of collecting on default of mortgagor dealer, where purchaser was issued a certificate of title which had no indication of the bank's chattel mortgage lien on it, since by these transactions and methods of doing business between the bank and the dealer, the bank has put it in the power of the dealer to mislead the purchaser and to perpetrate a fraud (CLS 1961, § 566.140).

4. SAME—POSSESSION—FLOOR PLAN—CLAIM AND DELIVERY.
   Automobile specifically subject to chattel mortgage but left in the hands of the mortgagor for sale in the course of business is treated the same as though subject to a floor plan mortgage when mortgagee sought by action of claim and delivery to seize the vehicle (CLS 1961, § 566.140).

Appeal from Iosco; Miller (Allan C.), J. Submitted Division 2 November 9, 1966, at Lansing. (Docket No. 1,643.) Decided February 14, 1967.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 15 Am Jur 2d, Chattel Mortgages §§ 95, 96.
[3, 4] 15 Am Jur 2d, Chattel Mortgages §§ 150, 151.

Complaint by Oscoda State Savings Bank, a Michigan banking corporation, against Donald L. McAllister for claim and delivery of an automobile which had been purchased by defendant from a previous owner who had mortgaged the vehicle with plaintiff. Judgment for plaintiff. Defendant appeals. Reversed.

*Herbert Hertzler,* for plaintiff.

*Reitz, Tait, Oetting & Webster (Robert B. Webster,* of counsel), for defendant.

T. G. Kavanagh, J.   On April 8, 1963, Jack Coyle, doing business as Lakeside Motor Sales, of Tawas City, Michigan, purchased a new station wagon from the Willys Sales Corporation. Coyle financed this purchase by a loan from the Oscoda State Savings Bank, plaintiff-appellee herein. As security for the loan a chattel mortgage was signed, notarized, and witnessed, with the bank as chattel mortgagee and Jack Coyle as chattel mortgagor and was properly filed on April 10, 1963.[1]

The defendant-appellant herein, on May 18, 1963, purchased the motor vehicle from Jack Coyle, and since no certificate of title had been issued by the Michigan secretary of State previously, defendant was issued a certificate of title which had no indication of the bank's chattel mortgage lien on it.

After the sale to defendant, Coyle failed to make payments on the debt secured by the mortgage and plaintiff commenced this action of claim and delivery by seizure of said vehicle under process.

The trial court, sitting without a jury, found that plaintiff had done all it could do to protect itself by filing its chattel mortgage, that such filing put de-

[1] CLS 1961, § 566.140 (Stat Ann 1961 Cum Supp § 26.929).

fendant on constructive notice of plaintiff's chattel mortgage when he purchased the vehicle, and that defendant had failed to protect himself by examining the records of the register of deeds. Accordingly, judgment was entered for plaintiff.

On appeal, defendant asserts as error the trial court's findings that he had constructive notice of plaintiff's chattel mortgage and that plaintiff had done all it was required to do to protect its lien.

It is well established that if a chattel mortgage is duly filed subsequent purchasers of the chattel take subject to the mortgagee's interest. *Saginaw Financing Corp.* v. *Detroit Lubricator Co.* (1932), 256 Mich 441.

Such subsequent purchasers are said to have "constructive notice" of the mortgagee's lien. *Bayer* v. *Jackson City Bank & Trust Company* (1952), 335 Mich 99. Constructive notice is that implied by law. *Converse* v. *Blumrich* (1866), 14 Mich 109 (90 Am Dec 230).

Appellee bank left the vehicle in the hands of the mortgagor knowing he was holding the vehicle for sale, as was his business. Under these circumstances we hold the appellee is estopped to claim protection by virtue of its prior filing of the mortgage for the same reasons relied upon by the court in deciding *Daas* v. *Contract Purchase Corporation* (1947), 318 Mich 348. At p 359 of *Daas, supra,* the Court clearly stated the gravamen of the issue before it:

"Has the appellant finance company, by the course of its transactions with the dealer, and by its methods of business, placed itself in such a position that the Court must consider it has waived any right to hold the automobiles sold to these plaintiffs for any balance due it from the dealer. The record is convincing that by these transactions and the method of doing business between the finance company and the dealer, appellant has put it in the power of the

dealer to mislead the purchasers, and to perpetrate a fraud."

The court then concluded that appellant was estopped from asserting its lien, quoting with approval, at p 360, from the opinion of the trial court:

" 'As between a mortgagee who suffers a loss because of the dishonesty of a dealer, and a purchaser who is asked to suffer the same loss, I believe that of the two who suffered he who placed it in the power of the dealer to work the fraud must be held to be responsible for it, and that the purchaser who had nothing to do with this situation should not be held responsible for it.' "

We regard the circumstances of this case similarly. Appellee herein put it in the power of the mortgagor-dealer to perpetrate the fraud and we therefore hold that the loss should fall on it. To do otherwise would place an undue burden upon the innocent purchaser.

We do not believe the difference in a "floor plan" mortgage as in *Daas* and the mortgage here involved under these circumstances warrants different treatment.

Although not controlling here, it is worthy of note that as of January 1, 1964, the uniform commercial code is in effect in Michigan. Were this situation to arise today, a purchaser in the regular course of business is protected even though he has actual notice of a prior lien. See PA 1962, No 174, § 9307 (CL 1948, § 440.9307 [Stat Ann 1964 Rev § 19.9307]).

Reversed, costs to appellants.

Quinn, P. J., and Fitzgerald, J., concurred.