MIHAJLOVSKI v ELFAKIR

Docket Nos. 70463, 70464. Submitted March 14, 1984, at Detroit.—
Decided June 19, 1984.

Borislav Mihajlovski and Dushan Djordjevski sold the Advance
Cafeteria to Mahamad A. Elfakir, who, in turn, sold the cafete-
ria to Samir Freij. Freij executed a promissory note, upon
which he was making payments to Elfakir, who was making
payments on his own note to Mihajlovski and Djordjevski.
Elfakir then stopped making his payments to Mihajlovski and
Djordjevski although he was still receiving payments from
Freij. Mihajlovski and Djordjevski filed suit against Elfakir in
Wayne Circuit Court seeking the balance of $35,000 due on
Elfakir's promissory note under an acceleration clause. Elfakir
then asked Freij to accelerate the payments on his promissory
note, in consideration for which Elfakir would forgive approxi-
mately $9,000 of debt. Elfakir gave Freij a gold piece to hold as
collateral, and the parties entered into an agreement whereby
Freij would make two accelerated payments, one of $10,000 and
one of $7,125, to Elfakir. Freij made the $10,000 payment but
not the $7,125 payment because Elfakir was unable to deliver
"clearance papers" on the restaurant. Two months later, the
court, Thomas J. Foley, J., granted summary judgment in favor
of plaintiffs for the $35,000 due on Elfakir's note. Elfakir's
attorney would not approve the court's order and a hearing was
set for entry of the order. Two days prior to the hearing,
Elfakir assigned Freij's promissory note to Richard Ciatti for
$5,000. Judge Foley disqualified himself as judge in the matter
because he had sentenced Ciatti on a prior felony conviction,
and the matter was then assigned to Judge Sharon Tevis Finch.
At the hearing, a judgment of $36,442.12 was formally entered
in favor of plaintiffs against defendant, Sharon Tevis Finch, J.
Two weeks later plaintiffs filed an order to show cause and a
motion to appoint a receiver and obtained a temporary re-

REFERENCES FOR POINTS IN HEADNOTES
[1] 6 Am Jur 2d, Assignments § 27 et seq.
[2] 6 Am Jur 2d, Assignments for Benefit of Creditors § 87.
  6 Am Jur 2d, Attachment and Garnishment § 482.
[3] 37 Am Jur 2d, Fraudulent Conveyances §§ 157, 202.

straining order against Freij regarding any debts he owed Elfakir. Freij filed an interpleader action against Ciatti for money held owing to Elfakir. Plaintiffs then served a writ of garnishment on Freij. A garnishment hearing was held and the court, Sharon Tevis Finch, J., found that the acceleration agreement between Elfakir and Freij was void by its own terms, refused to declare the assignment to Ciatti fraudulent because Ciatti had not been a party to the suit, found that Ciatti was not a necessary party to the garnishment action, and refused to allow Freij to interplead Ciatti. The court further held that there was no current indebtedness on the part of Freij with respect to the promissory note to garnish, but found that the gold piece held as collateral by Freij was properly subject to garnishment. Plaintiffs and Freij filed separate appeals. The appeals have been consolidated. *Held:*

1. If the assignment of Freij's promissory note to Ciatti was fraudulent, plaintiffs had the right to garnish the money Freij owed to Elfakir. If, however, the assignment to Ciatti was valid, plaintiffs' right to garnishment recovery was precluded. Thus, because Ciatti was a necessary party to the determination of whether the assignment was fraudulent and because the issue of whether the assignment was fraudulent was necessary to the proper determination of the garnishment proceeding, the circuit court erred in finding that Ciatti was not an indispensable party to the garnishment action. Furthermore, Freij was exposed to liability on his note which had been assigned to Ciatti and to plaintiffs by way of garnishment. The trial court erred in denying Freij's motion to interplead Ciatti. The trial court's denial of Freij's motion to interplead Ciatti is reversed and the case is remanded to the trial court to enter an order granting the motion. The order denying plaintiffs' claim to garnish Freij's obligation on the promissory note is vacated. On rehearing, the court should determine whether the assignment to Ciatti was fraudulent and then determine whether plaintiffs are entitled to garnishment of the obligation on the note.

2. The trial court's ruling is affirmed in all other respects.

Affirmed in part, reversed in part and remanded.

1. ASSIGNMENTS — NON-NEGOTIABLE CHOSES — DEFENSES.

An assignee of a non-negotiable chose takes subject to defenses existing at the time of the assignment; after assignment, the assignor loses all control over the chose and cannot bind the assignee by estoppel or otherwise, nor can prior acts of the assignor which have not ripened into right in others at the time of the assignment bind an assignee without notice; an

assignment is not subject to latent equities not known to the assignee.

2. GARNISHMENT — JUDGMENT DEBTORS — ASSIGNMENT OF JUDGMENTS — FRAUD.

Garnishment proceedings cannot be sustained where it appears that the property, money, or right involved, prior to the institution of the garnishment, had been assigned by the principal defendant to a third party unless it is established that the assignment was fraudulently made.

3. FRAUD — FRAUDULENT CONVEYANCES — ACTION TO SET ASIDE CONVEYANCES — NECESSARY PARTIES.

A grantee who retains title to the property involved is a necessary party in an action to set aside a fraudulent conveyance.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Steven C. Schoenberg*), for plaintiffs.

*Michael Kranson,* for Mahamad Elfakir.

*Auslander, Babcock & Weiss* (by *Ira S. Auslander* and *Joel H. Kaufman*), for defendants.

Before: WAHLS, P.J., and BRONSON and N. J. KAUFMAN,* JJ.

PER CURIAM. The facts of this case are rather confusing. Recitation of the facts is necessary to understand our adjudication.

Plaintiffs originally sold the Advance Cafeteria to defendant. On July 13, 1978, defendant sold the cafeteria to the garnishee defendant. Garnishee defendant executed a promissory note, dated July 13, 1978, and was making payments to defendant who, in turn, was making payments on his note to plaintiffs.

After a short period of time, defendant stopped making payments to plaintiffs, although he contin-

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment.

ued to collect payments from the garnishee defendant. On January 14, 1982, acting under an acceleration clause, plaintiffs filed the instant case in Wayne County Circuit Court seeking the balance of $35,000 due on defendant's promissory note.

Two day later, on January 16, 1982, defendant asked the garnishee defendant to accelerate payments under the garnishee defendant's promissory note. In return, defendant agreed to forgive approximately $9,000 of debt and gave garnishee defendant a gold piece as collateral. Defendant and garnishee defendant entered into a new agreement, dated January 11, 1982, which provided:

"I, Samir Freij [garnishee defendant], do hereby agree that I will return the collateral of the gold piece undamaged to Mahamad Amir Elfakir [defendant Elfakir] upon receipt of clearance on the Nosherie (Advance Cafeteria).

"I further agree that if the collateral is damaged, stolen or destroyed, I will pay the amount of Fifteen Thousand Dollars ($15,000.00) to Mahamad Amir Elfakir.

"I, Samir Freij also agree that after one hundred and twenty days (120) the payment of Seven Thousand Dollars ($7,000.00) is not paid to Mohamad Amir Elfakir that all agreements are null and void and the original Ten Thousand Dollars ($10,000.00) payment will be applied toward the balance of the purchase price of the Nosherie (Advance Cafeteria). Both Samir Freij and Mahamad Elfakir have agreed that Samir Freij is not to return the collateral (Gold Piece) and Seven Thousand One Hundred Twenty Five Dollars ($7,125.00) until Mahamad Amir Elfakir has the clearance papers from Borislav Mihajlovski and Dushan Djordjevski [plaintiffs] on the Nosherie (Advance Cafeteria)."

Pursuant to this contract, garnishee defendant made the first accelerated payment of $10,000. The second payment was never made because defen-

dant could not deliver "clearance papers" from plaintiffs.

On March 8, 1982, plaintiffs were granted summary judgment for the $35,000 due on defendant's promissory note. Defendant's attorney would not approve the order and a hearing was set for May 21, 1982, for entry of the order. On May 19, 1982, defendant through his attorney assigned garnishee defendant's July 13, 1978, promissory note to Ciatti, a client unrelated to the real estate transactions; Ciatti paid $5,000 cash for the note. The assignment to Ciatti, dated May 19, 1982, provided:

## "Assignment of Promissory Note

"Mahamad A. Elfakir, for valuable consideration, receipt of which is hereby acknowledged, do hereby assign all of my interest in a Promissory Note due me from Samir Freij to Richard Ciatti. Note date is July 13, 1978."

Two days later, on May 21, 1982, a judgment of $36,442.12 was formally entered for plaintiffs against defendant.

On June 3, 1982, plaintiffs filed an order to show cause and motion to appoint a receiver and obtained a temporary restraining order against garnishee defendant regarding any debts he owed defendant. Garnishee defendant filed an interpleader action for money held owing to defendant. On June 11, 1982, plaintiffs served a writ of garnishment on the garnishee defendant.

The garnishment hearing was held on September 13-14, 1982. At the conclusion of that hearing, the trial court refused to declare the assignment to

Ciatti fraudulent because Ciatti had not been a party to the suit. The court further found that Ciatti was not a necessary party to the garnishment action and refused to allow the garnishee defendant to interplead Ciatti.

The trial court also found that defendant's January 11, 1982, agreement with garnishee defendant was void by its own terms. Since the court refused to find the assignment to Ciatti of the July 13, 1978, note fraudulent for purposes of this action and since the court found the January 11, 1982, agreement void, the court ruled that there was no current indebtedness, with respect to the notes, to garnish. However, the court found that the gold piece held as collateral by the garnishee defendant was properly subject to garnishment.

Plaintiffs and garnishee defendant appeal as of right from the circuit court's order. We affirm in part and reverse in part.

### I. *Did the circuit court err by denying garnishee defendant's motion to interplead Ciatti?*

The circuit court refrained from determining the validity of the assignment of the July 13, 1978, promissory note to Ciatti because Ciatti had not been a party to the lawsuit. At the very least, Ciatti's rights concerning the note were those belonging to an assignee of a non-negotiable writing. Those rights are set forth in *Saginaw Financing Corp v Detroit Lubricator Co,* 256 Mich 441, 443-444; 240 NW 44 (1932).

"The rule that an assignee of a non-negotiable chose takes subject to defenses means, of course, defenses existing at the time of the assignment. After assignment, the assignor loses all control over the chose and cannot bind the assignee, by estoppel or otherwise.

[Citation omitted.] Nor can prior acts of the assignor, which have not ripened into rights in others at the time of the assignment, bind an assignee without notice. An assignment is not subject to latent equities not known to the assignee."

Plaintiffs obtained a judgment against defendant on the promissory note executed by defendant to them prior to the assignment. This judgment, however, did not give plaintiffs a claim against the note executed by garnishee defendant to defendant. Plaintiffs' claim against the July 13 note did not arise until the writ of garnishment was served or, at the earliest, the obtaining of the temporary restraining order against the garnishee defendant on June 3, 1982. *J. T. Sinclair Co v I T Becker Coal Co,* 263 Mich 617; 249 NW 13 (1933).

The rule governing the claims in the July 13 note was set forth in *Blumenthal v Simons,* 110 Mich 42; 67 NW 1102 (1896). The Supreme Court held that garnishment proceedings cannot be sustained against a judgment debtor where it appears that the judgment, prior to the institution of the suit, had been assigned by the principal defendant to a third party unless it is established that the assignment was fraudulently made. Thus, unless the conveyance of the note to Ciatti was fraudulent, garnishee defendant was liable to Ciatti, Ciatti being the assignee of the July 13 note.

Simply stated, if the assignment to Ciatti was fraudulent, plaintiffs had the right to garnish the money owed to defendant from the garnishee defendant. If the assignment was valid, plaintiffs' right to garnishment recovery was precluded. The circuit court clearly had to rule on the validity of the assignment in order to determine plaintiffs' right to garnishment.

A grantee who retains title to the property is a

necessary party in an action to set aside a fraudulent conveyance. 37 CJS, Fraudulent Conveyances, § 345, p 1176. Ciatti, being a necessary party to the determination of whether the assignment was fraudulent, and the issue of the fraudulent assignment being necessary to the proper determination of the garnishment proceeding, the circuit court erred in finding that Ciatti was not an indispensable party to the garnishment action; Ciatti's presence was essential to permit the court to render complete relief, GCR 1963, 205.1. Moreover, the garnishee defendant was exposed to liability on his note which had been assigned to Ciatti and to plaintiffs by way of garnishment. The trial court erred in denying the garnishee defendant's motion to interplead Ciatti, GCR 1963, 210.1.

Accordingly, we reverse the trial court's denial of the garnishee defendant's motion to interplead Ciatti and remand this case to the trial court to enter an order granting the motion. We also vacate the order denying plaintiffs' claim to garnish the July 13, 1982, promissory note from defendant garnishee. On rehearing, the circuit court should determine whether the assignment to Ciatti was fraudulent and then, in accordance with this opinion, determine whether plaintiffs are entitled to garnishment of the July 13 note.

In all other respects, we affirm the circuit court's ruling. Specifically, we hold that the circuit court correctly ruled that the January 11, 1982, agreement, modifying the amount owed to defendant by the garnishee defendant, was, by its own terms, rendered null and void when the garnishee defendant failed to pay defendant $7,000 because defendant had failed to obtain "clearance papers" from plaintiffs. The amount owed by garnishee defendant is the balance due on the original July

13 note. The circuit court also correctly ruled that, since all agreements under the January 11 contract were null and void, the gold piece remained the property of defendant. The gold piece, as property of the defendant in the possession of the garnishee defendant, was properly garnished, MCL 600.4011; MSA 27A.4011.

Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.