*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN SPINE & BRAIN SURGEONS, PLLC,

Plaintiff-Appellant,

v

CITIZENS INSURANCE COMPANY OF THE MIDWEST,

Defendant-Appellee,

and

WILLIAM FORD II,

Defendant.

UNPUBLISHED
March 4, 2021

No. 350498
Oakland Circuit Court
LC No. 2019-171500-NF

Before: FORT HOOD, P.J., and GADOLA and LETICA, JJ

PER CURIAM.

Plaintiff, Michigan Spine & Brain Surgeons, PLLC (MSBS), appeals as of right the trial court's order granting summary disposition to defendant, Citizens Insurance Company of the Midwest (Citizens), under MCR 2.116(C)(10). We affirm.

## I. FACTS

This appeal arises from MSBS's claim for no-fault insurance benefits from Citizens for healthcare services provided to defendant, William Ford II. Ford was injured in an automobile accident on September 16, 2015. He filed a claim for no-fault benefits with the Michigan Automobile Insurance Placement Facility, which assigned the claim to Citizens through the Michigan Assigned Claims Plan. Ford thereafter brought a lawsuit against Citizens and others, seeking no-fault personal protection insurance ("PIP") benefits.

On May 8, 2018, Ford and Citizens resolved the litigation by entering into an arbitration agreement, agreeing to dismiss the litigation and to submit Ford's claims against Citizens to binding arbitration. The arbitration agreement provided that the arbitration covered all claims for

PIP benefits and all money due and owing to Ford, then or in the future, related to the accident. The agreement stated that the arbitration was to "include any and all medical billings known to either party," except for certain specified medical providers who had either intervened, settled privately, or filed independent causes of action. MSBS was not among these providers. The agreement also contained an anti-assignment clause, which provided:

> Claimant shall not sign any assignments for any No-fault benefits. Should Claimant assign any of the Michigan No-fault benefits to be included in this arbitration, Claimant shall indemnify and hold harmless the Respondent Insurer now and in the future for the medical bills assigned and for the costs of having to defend against any such assignment[.]

After entering into the arbitration agreement, Ford underwent surgery on November 9, 2018, performed by an MSBS surgeon, thereby incurring further medical expenses of $49,400. After the surgery, Ford assigned to MSBS his right to payment for the surgery from Citizens.

After Citizens declined to pay MSBS for Ford's new medical expenses, MSBS filed this action. MSBS alleged that the surgery was necessitated by Ford's 2015 vehicle collision, and sought to enforce the right to payment from Citizens for the medical services that Ford had assigned to MSBS. Citizens moved for summary disposition of MSBS's claim under MCR 2.116(C)(7) and (8), contending that at the time of the assignment Ford had no right to reimbursement from Citizens because he had already entered into the arbitration agreement with Citizens and therefore no longer had an interest against Citizens to assign to MSBS. Citizens also contended that the agreement explicitly barred Ford from assigning claims. MSBS maintained that Citizens remained liable for the assigned claim, contending that Citizens had not acted in good faith, and that Ford had breached the arbitration agreement.

The trial court granted Citizens' motion for summary disposition under MCR 2.116(C)(10), holding that MSBS lacked standing to sue Citizens. The trial court reasoned that Ford had already agreed to arbitrate all claims against Citizens, including future claims, at the time he purported to assign his right to payment from Citizens to MSBS; as a result, Ford had no right to payment from Citizens to assign to plaintiff at the time of the purported assignment. The trial court concluded that without a valid assignment, MSBS lacked standing to sue Citizens. MSBS now appeals.

## II. DISCUSSION

MSBS contends that the trial court erred by granting Citizens summary disposition under MCR 2.116(C)(10) on the basis that MSBS lacked standing to maintain a claim against Citizens for medical care provided to Ford. We disagree.

We review de novo the trial court's decision to grant or deny summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Id*. at 160. When reviewing a motion for summary disposition granted under MCR 2.116(C)(10), we consider all documentary evidence submitted by the parties in the light most favorable to the nonmoving party. *Id*. Summary disposition under MCR 2.116(C)(10) is warranted when there is no genuine

issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018) (quotation marks and citations omitted). Whether a party has standing is a question of law that we review de novo. *Can IV Packard Square, LLC v Packard Square, LLC*, 328 Mich App 656, 661; 939 NW2d 454 (2019).

The no-fault act, MCL 500.3101 *et seq*., requires an insurer to pay PIP benefits for "accidental bodily injury arising out of the use of a motor vehicle," subject to the provisions of the no-fault act. *Grange Ins Co of Mich v Lawrence*, 494 Mich 475, 490; 835 NW2d 363 (2013). Under the no-fault act, PIP benefits are payable "to or for the benefit of an injured person." MCL 500.3112. Such benefits are payable for "[a]llowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services, and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1)(a).

A claim for payment of PIP benefits under the no-fault act belongs to the injured party; a healthcare provider lacks standing to bring a direct cause of action for PIP benefits under the no-fault act against an insurer for medical care provided to the insured arising out of an automobile accident. See *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 196, 210-217; 895 NW2d 490 (2017). A healthcare provider that provides healthcare to a person for injuries sustained in a motor vehicle accident may seek payment for the provided care from the injured person, however. *Id*. at 217-218.

In addition, an insured may assign his or her right to past or presently due benefits to a healthcare provider. See *id*. at 217 n 40; *Jawad A. Shah, MC, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 200; 920 NW2d 148 (2018) (An accrued cause of action under a no-fault policy may be freely assigned). An assignee stands in the shoes of the assignor, acquiring the same rights and being subject to the same defenses. *Coventry Parkhomes Condo Ass'n v Fed Nat'l Mtg Ass'n*, 298 Mich App 252, 256-257; 827 NW2d 379 (2012). In the context of no-fault law, this means that a healthcare provider who obtains an assignment from an insured possesses whatever right the insured would have had to collect past due or presently due benefits from the insurer. See *Prof Rehab Assoc v State Farm Mut Auto Ins Co*, 228 Mich App 167, 177; 577 NW2d 909 (1998). The assignee obtains only the rights the assignor possessed at the time of the assignment. See *Mihajlovski v Elfakir*, 135 Mich App 528, 533-534; 355 NW2d 264 (1984).

In its amended complaint in this case, MSBS alleges entitlement to payment from Citizens by virtue of Ford's assignment to MSBS of "all claims for payment of neurosurgical services presently due" for "medical expenses arising out of the use of a motor vehicle as a motor vehicle." Attached to MSBS's Amended Complaint are two Assignment Agreements purportedly executed by Ford in favor of MSBS, dated November 19, 2018, and January 14, 2019. As of the dates of the Assignment Agreements, Ford had already entered into the arbitration agreement with Citizens whereby Ford settled all claims to PIP benefits that he had against Citizens, agreeing that Citizens would not be liable for any of Ford's medical expenses that were not included in the agreement.

The term "standing" generally refers to the right of a plaintiff initially to invoke the power of a trial court to adjudicate a claimed injury. *Federated Ins Co v Oakland Co Road Comm*, 475 Mich 286, 290; 715 NW2d 846 (2006). "[T]he standing inquiry focuses on whether a litigant 'is

a proper party to request adjudication of a particular issue and not whether the issue itself is justiciable.' " *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 355; 792 NW2d 686 (2010), quoting *Allstate Ins Co v Hayes*, 442 Mich 56, 68; 499 NW2d 743 (1993). Under the standing doctrine, "[o]ne cannot rightfully invoke the jurisdiction of the court to enforce private rights, or maintain a civil action for the enforcement of such rights, unless one has in an individual or representative capacity some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy." *Bowie v Arder*, 441 Mich 23, 42-43; 490 NW2d 568 (1992) (quotation marks and citation omitted).

In this case, Ford and Citizens agreed to dismiss with prejudice the litigation between them regarding PIP benefits, including the civil action filed by Ford, and to submit their controversy to binding arbitration. The parties further agreed that "the award of the Arbitrator will represent a full and final resolution as to all claims for personal protection benefits and as to all monies due and owing to the Claimant [Ford], now or in the future, related to the subject accident." The agreement also provided that, "with the exception of Provider Plaintiffs that have either intervened, settled privately or filed independent Causes of Action" at the time of the agreement, the arbitration "shall include any and all medical billings known to either party."

When Ford assigned to MSBS his right to payment by Citizens for his surgery, he had already agreed to submit all claims for PIP benefits that stemmed from the accident to a neutral arbitrator and had stipulated to the dismissal of his lawsuit against Citizens with prejudice. Therefore, at the time Ford assigned his right to payment of PIP benefits to MSBS, he had no right to assert a legal action against Citizens for these claims, and could not assign to MSBS more rights than he possessed. Accordingly, the trial court did not err by holding that MSBS did not have standing to assert a claim against Citizens for payment of PIP benefits for medical care rendered to Ford.

On appeal, MSBS raises several arguments attacking the validity of the arbitration agreement between Ford and Citizens. MSBS argues that the anti-assignment clause in the arbitration agreement is unenforceable as a matter of public policy and under Article 9 of the UCC, that the arbitration agreement did not adhere to statutory guidelines under the (now-repealed) Arbitration Act, MCL 600.5001 *et seq.*, and was entered into by Citizens in bad faith. However, because MSBS lacks standing to assert a claim against Citizens in this case, MSBS has not demonstrated entitlement to challenge an agreement between Ford and Citizens to which MSBS was not a party and which was entered into long before MSBS rendered medical services to Ford. The trial court therefore did not err in granting summary disposition to Citizens.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Michael F. Gadola
/s/ Anica Letica

-4-